Marisol C. Mork (State Bar No. 265170)
Hannah J. Makinde (State Bar No. 307907)
marisol.mork@squirepb.com
hannah.makinde@squirepb.com
SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, CA 90071
Telephone:  +1 213 624 2500

*Attorneys for Plaintiffs*

Cody J. Jess (*pro hac vice admission pending*)
Natalya Ter-Grigoryan (*pro hac vice admission pending*)
cjess@law-msh.com
ntg@law-msh.com
MOYES SELLERS & HENDRICKS LTD.
1850 N. Central Ave., #1100
Phoenix, Arizona 85004
Telephone:  +1 602 604 2141

*Attorneys for Plaintiffs Mobile Force Investments, LLC
and Bradley E. Davis*

SQUIRE PATTON BOGGS (US) LLP
1801 Page Mill Road, Suite 110
Palo Alto, California 94304

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| MOBILE FORCE INVESTMENTS, LLC, an Arizona limited liability company, BRADLEY E. DAVIS, BRENT ROLAND, and GLENN ROLAND, <br><br> Plaintiffs, <br><br> v. <br><br> BRIAN NEWBERRY, THE NEWBERRY FAMILY TRUST, GLENN RUSSELL, THE LAURA & GLENN RUSSELL REVOCABLE TRUST, ERIC JOHNSON, TWIN HARBORS LLLP, a Nevada limited-liability limited partnership, and ELYSIUM ASSET MANAGEMENT LLC, a California limited liability company. <br><br> Defendants. | Case No. <br><br> **COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF** |

SQUIRE PATTON BOGGS (US) LLP
1801 Page Mill Road, Suite 110
Palo Alto, California 94304

## COMPLAINT

Plaintiffs Mobile Force Investments, LLC; Bradley E. Davis; Brent Roland; and Glenn Roland, as for their complaint against defendants Brian Newberry; The Newberry Family Trust; Glenn Russell; The Laura & Glenn Russell Revocable Trust; Eric Johnson; Twin Harbors LLLP; and Elysium Asset Management LLC ("Defendants"), allege the following on their own knowledge as to Plaintiffs' own acts and on information and belief as to all other matters:

## NATURE OF THE ACTION

1. Plaintiffs bring this complaint to enjoin Defendants from pursuing arbitration before JAMS because there is no agreement to arbitrate between Plaintiffs and Defendants.

2. Defendants are claimants in an arbitration filed with JAMS on January 20, 2026, captioned *Brian Newberry et al. v. Mobile Force Investments, LLC*, No. 5200003013 (the "Arbitration"). Plaintiffs are named as respondents in the Arbitration.

3. In the Arbitration, Defendants have relied on a June 7, 2021, agreement (the "Shareholder Agreement") by and among Kadenwood, Inc., a Delaware corporation ("Kadenwood"), and its shareholders as the basis for an agreement to arbitrate. A true and correct copy of the Shareholder Agreement is attached hereto as **Exhibit 1**.

4. Plaintiffs are not, and have never been, parties to the Shareholder Agreement or shareholders of Kadenwood.

5. Moreover, the Shareholder Agreement and its arbitration provision were terminated prior to the commencement of the Arbitration.

6. Because there is no arbitration agreement between Plaintiffs and Defendants, Plaintiffs cannot be compelled to arbitrate any dispute with Defendants, and Defendants should be enjoined from pursuing the Arbitration against Plaintiffs.

- 2 -

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

# THE PARTIES

7. Plaintiff Mobile Force Investments, LLC is an Arizona limited liability company. Mobile Force Investments, LLC's sole member is Plaintiff Bradley E. Davis.

8. Plaintiff Bradley E. Davis is, and at all times relevant herein was, a citizen of Arizona.

9. Plaintiff Brent Roland is, and at all times relevant herein was, a citizen of Arizona.

10. Plaintiff Glenn Roland is, and at all times relevant herein was, a citizen of Arizona.

11. Defendant Brian Newberry is, and at all times relevant herein was, a citizen of California residing in Orange County, California.

12. Brian Newberry is the Trustee of Defendant The Newberry Family Trust.

13. Defendant Glenn Russell is, and at all times relevant herein was, a citizen of California residing in Orange County, California.

14. Defendant Glenn Russell is the Trustee of Defendant The Laura & Glenn Russell Revocable Trust.

15. Defendant Eric Johnson is, and at all times relevant herein was, a citizen of California residing in Orange County, California.

16. Defendant Twin Harbors, LLLP ("Twin Harbors") is a Nevada limited-liability limited partnership. Twin Harbors' general partner is The Standout Company LLC, a Nevada limited liability company. The managing member of The Standout Company LLC is Defendant Eric Johnson, a citizen of California. On information and belief, no partner of Twin Harbors or any member of the Standout Company LLC is a citizen of Arizona.

17. Defendant Elysium Asset Management LLC is a California limited liability company. The managing member of Elysium Asset Management LLC is

SQUIRE PATTON BOGGS (US) LLP
1801 Page Mill Road, Suite 110
Palo Alto, California 94304

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Defendant Eric Johnson, a citizen of California.  On information and belief, no member of Elysium Asset Management, LLC is a citizen of Arizona.

18.    Defendants Brian Newberry and The Newberry Family Trust are jointly referred to as the "Newberry Defendants."

19.    Defendants Glenn Russell, The Laura & Glenn Russell Revocable Trust, Eric Johnson, Twin Harbors, and Elysium Asset Management, LLC are collectively referred to as the "Elysium Defendants."

## JURISDICTION AND VENUE

20.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and the matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000.

21.    This Court has personal jurisdiction over Defendants because they are all citizens of California.

22.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) because one or more Defendants reside in this District.  Venue is also proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## GENERAL ALLEGATIONS

### I.    The Shareholder Agreement and Kadenwood

23.    Prior to 2020, Defendants were shareholders of Kadenwood.

24.    On or about June 7, 2021, Kadenwood and its shareholders entered into the Shareholder Agreement.

25.    Section 11.9 of the Shareholder Agreement is an arbitration agreement. That section provides, in relevant part, for mandatory arbitration of disputes between the "parties" to the Shareholder Agreement:

> Upon the occurrence of any dispute or disagreement between the parties hereto arising out of or in connection with any term or provision of this Agreement, the subject matter hereof, or the interpretation or enforcement hereof (in each case, a "**Dispute**"), the parties shall submit the

SQUIRE PATTON BOGGS (US) LLP
1801 Page Mill Road, Suite 110
Palo Alto, California 94304

- 4 -

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

SQUIRE PATTON BOGGS (US) LLP
1801 Page Mill Road, Suite 110
Palo Alto, California 94304

> Dispute to final and binding arbitration in Orange County, California, administered by JAMS . . . . Each of the Shareholders irrevocably and unconditionally consents to the exclusive jurisdiction of JAMS to any dispute, claim or controversy arising out of or relating to this Agreement or the breach, termination, enforcement, interpretation or validity thereof, including the determination of the scope or applicability of this agreement to arbitrate, and further consents to the jurisdiction of any state court of the State of California or any federal court located in the State of California for the purpose of enforcing the arbitration provisions of this Section 11.9 or hearing any other dispute, claim, or controversy under this Agreement . . . .

26. The parties to the Shareholder Agreement are Kadenwood and the shareholders of Kadenwood. *See* Ex. 1 at p.1, ¶ 1.

27. Plaintiff Mobile Force Investments, LLC is not, and has never been, a party to the Shareholder Agreement. It has never been a shareholder of Kadenwood.

28. Plaintiff Bradley E. Davis is not, and has never been, a party to the Shareholder Agreement. He has never been a shareholder of Kadenwood.

29. Plaintiff Brent Roland is not, and has never been, a party to the Shareholder Agreement. He has never been a shareholder of Kadenwood.

30. Plaintiff Glenn Roland is not, and has never been, a party to the Shareholder Agreement. He has never been a shareholder of Kadenwood.

31. Section 9 of the Shareholder Agreement provides that the Shareholder Agreement "shall terminate" upon the earliest occurrence of specified events, including a shareholder vote or the "dissolution" or "insolvency" of Kadenwood:

> This Agreement shall terminate on the earliest of:
> 9.1 Vote. The vote of (a) the Controlling Shareholders, the Majority Approval of Series B Holders, and . . . .
> 9.2 Action by Debtor. The Company's dissolution, filing of a petition in bankruptcy under Chapter 7 of the Bankruptcy Code, or insolvency of the Company;
> …

32. Kadenwood became insolvent on or before February 15, 2023.

33. The Shareholder Agreement was terminated by a vote of the shareholders on or about February 28, 2023.

- 5 -

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

34. Kadenwood dissolved on or about March 15, 2023.

## II.   The Arbitration

35. Defendants initiated the Arbitration on January 20, 2026, before JAMS in Orange County, California.

36. Defendants' demand initiating the Arbitration ("Original Demand") is attached as **Exhibit 2.**

37. The only identification of an arbitration agreement in the Original Demand is the Shareholder Agreement. *See* Original Demand ¶ 16 ("JAMS has personal jurisdiction over the Respondents because the shareholders of Kadenwood agreed in the Shareholder Agreement to final and binding arbitration"); Original Demand, Cover Sheet Item No. 6 ("Arbitration Provision Location: Shareholder Agreement, Section 11.8 [sic],pp. [sic] 20-21").

38. In the Original Demand, Defendants assert claims against nine named respondents. The respondents named in the Original Demand include Plaintiffs in this action—Mobile Force Investments, LLC; Bradley Davis; Brent Roland; and Glenn Roland—as well as First American Trust of Nevada, LLC; Robert Krakauer; Jennifer Dickens; and Bryan Perkinson.

39. The amount in controversy alleged in the Arbitration is $50 million. *See* Original Demand, Cover Sheet Item No. 5 ("Amount in Controversy (U.S. dollars): 50000000.000").

40. In the Original Demand, Defendants admit that the Shareholder Agreement was terminated on February 28, 2023. *See, e.g.*, Original Demand ¶ 62 ("[O]n February 28, 2023, Respondents voted their shares to terminate the company's Shareholder Agreement.").

41. In the Original Demand, Defendants admit that Kadenwood was dissolved on March 15, 2023. *See, e.g.*, Original Demand ¶ 62 ("[O]n March 15, 2023, . . . . Respondents voted to liquidate and dissolve the company.")

SQUIRE PATTON BOGGS (US) LLP
1801 Page Mill Road, Suite 110
Palo Alto, California 94304

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

42. In the Original Demand, Defendants admit that Kadenwood was insolvent. *See, e.g.*, Original Demand ¶ 92 (alleging respondents "left Kadenwood insolvent and unable to operate").

43. On February 10, 2026, Plaintiffs—Mobile Force Investments, LLC; Bradley Davis; Brent Roland; and Glenn Roland—filed an Objection to Jurisdiction and Response in the Arbitration, objecting to arbitration with Defendants and denying JAMS' jurisdiction ("Original Objection").

44. A copy of the Original Objection is attached as **Exhibit 3**.

45. On February 17, 2026, Defendants filed an Amended Demand in the Arbitration ("Amended Demand").

46. A copy of the Amended Demand is attached as **Exhibit 4**.

47. Like the Original Demand, the Amended Demand identifies only the Shareholder Agreement as the relevant arbitration agreement. *See* Amended Demand ¶ 16.

48. The respondents named in the Amended Demand are the same respondents as the Original Demand except the Amended Demand (i) does not name non-party Bryan Perkinson as a respondent; and (ii) includes non-party R&R AZ Investments, LLC as a respondent.

49. In the Amended Demand, Defendants continue to admit that the Shareholder Agreement was terminated by vote. *See, e.g.*, Amended Demand ¶ 63.

50. In the Amended Demand, Defendants continue to admit that Kadenwood was dissolved. *See, e.g.*, Amended Demand ¶ 63.

51. In the Amended Demand, Defendants continue to admit that Kadenwood was insolvent. *See, e.g.*, Amended Demand ¶ 93.

52. Plaintiffs have not agreed to arbitration with Defendants.

53. Plaintiffs have not consented to the authority of JAMS.

SQUIRE PATTON BOGGS (US) LLP
1801 Page Mill Road, Suite 110
Palo Alto, California 94304

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

## CLAIMS FOR RELIEF

**I.     Count One: Injunction Pursuant to 9 U.S.C. § 4**

54.     Plaintiffs hereby reallege, as if fully set forth, all preceding allegations.

55.     Plaintiffs are not parties to the Shareholder Agreement or the arbitration provision in the Shareholder Agreement.

56.     Moreover, the Shareholder Agreement, as Defendants admit, has been terminated.

57.     Plaintiffs have not consented to any arbitration before JAMS.

58.     Pursuant to 9 U.S.C. § 4, this Court has the authority to enjoin the Arbitration.

59.     This Court should exercise its authority and enjoin Defendants from proceeding with the Arbitration against Plaintiffs.

**II.     Count Two: Declaratory Judgment**

60.     Plaintiffs hereby reallege, as if fully set forth, all preceding allegations.

61.     There is an actual controversy between Plaintiffs and Defendants as to whether Plaintiffs may be compelled to proceed with the Arbitration before JAMS.

62.     Pursuant to 28 U.S.C. § 2201, this Court has the authority to determine Plaintiffs' legal obligations with respect to the arbitration provision in the Shareholder Agreement.

63.     This Court should exercise its authority and declare that Plaintiffs have not agreed to arbitrate any disputes between them and Defendants, are not bound by any arbitration provision in the Shareholder Agreement, are not obligated to proceed with the Arbitration before JAMS, and that JAMS has no jurisdiction over Plaintiffs.

## PRAYER FOR RELIEF

Plaintiffs respectfully request that this Court award the following relief:

1.     An order pursuant to 9 U.S.C. § 4, 28 U.S.C. §§ 2201–02, and 28 U.S.C. § 1651(a) enjoining Defendants from prosecuting the Arbitration or any other arbitration against Plaintiffs under the Shareholder Agreement;

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

SQUIRE PATTON BOGGS (US) LLP
1801 Page Mill Road, Suite 110
Palo Alto, California 94304

2.	A declaration pursuant to 28 U.S.C. § 2201 that Plaintiffs are not bound to arbitrate any dispute with Defendants; and

3.	Any other and further relief as the Court deems equitable, just and appropriate.


Dated:  February 26, 2026.

SQUIRE PATTON BOGGS (US) LLP

By: /s/ *Marisol C. Mork*
Marisol C. Mork
Hannah J. Makinde

*Attorneys for Plaintiffs*

SQUIRE PATTON BOGGS (US) LLP
1801 Page Mill Road, Suite 110
Palo Alto, California 94304

- 9 -

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1106640961\7\AMERICAS