Squire Patton Boggs (US) LLP
Marisol C. Mork (State Bar # 265170)
marisol.mork@squirepb.com
Hannah J. Makinde (State Bar # 307907)
hannah.makinde@squirepb.com
555 South Flower Street, 31st Floor
Los Angeles, California 90071
Telephone:  +1 213 624 2500
Facsimile:   +1 213 623 4581

*Attorneys for Plaintiffs Brent Roland and Glenn Roland*

Moyes Sellers & Hendricks Ltd.
Cody J. Jess (*pro hac vice*)
cjess@law-msh.com
Natalya Ter-Grigoryan (*pro hac vice*)
ntg@law-msh.com
1850 N. Central Ave., #1100
Phoenix, Arizona 85004
Telephone:  +1 602 604 2141

*Attorneys for Plaintiffs Mobile Force Investments, LLC, and Bradley E. Davis*

# UNITED STATES DISTRICT COURT

## CENTRAL OF CALIFORNIA

| | |
|---|---|
| MOBILE FORCE INVESTMENTS, LLC, an Arizona limited liability company, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>BRIAN NEWBERRY, et al.,<br><br>Defendants. | Case No. 2:26-cv-02070-MEMF-DFM<br><br>**OPPOSITION TO DEFENDANTS' MOTION TO COMPEL ARBITRATION AND TO DISMISS CASE**<br><br>Judge:    Hon. Maame Ewusi-Mensah Frimpong<br><br>Date:    May 28, 2026<br>Time:    10:00 a.m.<br>Dept.:    8B |

# **TABLE OF CONTENTS**

**Page No.**

I.      INTRODUCTION ................................................................................................ 5

II.     BACKGROUND ................................................................................................. 6

III.    LEGAL STANDARD ......................................................................................... 8

IV.     ARGUMENT ...................................................................................................... 9

    A.     No Agreement Exists Between Plaintiffs and Defendants. ................. 10

    B.     The Individual Plaintiffs are Distinct from an Entity's Agent. .......... 13

    C.     The Arbitration Agreement Is Not Enforceable Because The Shareholder Agreement Terminated. ................................................... 14

V.      CONCLUSION ................................................................................................. 16

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

- 2 -

OPPOSITION TO DEFENDANTS' MOTION TO COMPEL ARBITRATION AND TO DISMISS CASE 2:26-CV-02070-MEMF-DFM

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Arthur Andersen LLP v. Carlisle*,
556 U.S. 624 (2009) ...................................................................................... 12, 13

*BuzzFeed, Inc. v. Anderson*,
No. 2022-0357-MTZ, 2022 WL 15627216 (Del. Ch. Oct. 28, 2022)................ 14

*Chiron Corp. v. Ortho Diagnostic Sys., Inc.*,
207 F.3d 1126 (9th Cir. 2000)....................................................................... 10, 15

*Coinbase, Inc. v. Suski*,
602 U.S. 143 (2024) ............................................................................................ 14

*E.I. DuPont de Nemours & Co. v. Rhone Poulenc Fiber & Resin Intermediates, S.A.S.*,
269 F.3d 187 (3d Cir. 2001) ................................................................................ 14

*Goldman, Sachs & Co. v. City of Reno*,
747 F.3d 733 (9th Cir. 2014)............................................................................... 10

*Granite Rock Co. v. Int'l Broth. of Teamsters*,
561 U.S. 287 (2010) .......................................................................................... 9, 10

*Guidotti v. Legal Helpers Debt Resol., LLC*,
716 F.3d 764, 774 (3d Cir. 2013)........................................................................ 11

*Herrera v. Cathay Pac. Airways Ltd.*,
104 F.4th 702 (9th Cir. 2024).......................................................................... 12, 13

*Johnson v. Walmart Inc.*,
57 F.4th 677 (9th Cir. 2023)................................................................................ 10

*JSM Tuscany, LLC v. Super. Ct.*,
193 Cal. App. 4th 1222 (2011)........................................................................ 12, 13

*Kerr v. General Motors LLC*,
No. 1:24-cv-00582-RGA, 2025 WL 2051621 (D. Del. July 22, 2025)........................................................................................................ 11

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

*Lifescan, Inc. v. Premier Diabetic Servs., Inc.*,
363 F.3d 1010 (9th Cir. 2004) ...................................................................................... 10, 15

*Metalclad Corp. v. Ventana Env't Org. P'ship*,
109 Cal. App. 4th 1705 (2003) ............................................................................................ 13

*MZM Constr. Co., Inc. v. New Jersey Building Laborers Statewide Benefit Funds*,
974 F.3d 386 (3d Cir. 2020) ................................................................................................ 10

*NAMA Holdings, LLC v. Related World Mkt. Ctr., LLC*,
922 A.2d 417 (Del. Ch. 2007) ............................................................................................ 14

No. 24-6527, 2026 WL 934267 (9th Cir. Apr. 7, 2026) ......................................................... 16

*Oxford Preparatory Acad. v. Edlighten Learning Sols.*,
34 Cal. App. 5th 605 (2019) ................................................................................................ 16

*Rent–A–Center, W., Inc. v. Jackson*,
561 U.S. 63 (2010) ............................................................................................................... 9

*United Steelworkers v. Warrior & Gulf Navigation Co.*,
363 U.S. 574 (1960) ......................................................................................................... 6, 11

*Volt Info. Scis., Inc. v. Bd. of Trs. of Leland Stanford Junior Univ.*,
489 U.S. 468 (1989) ............................................................................................................ 10

*Winkler v. McCloskey*,
83 F.4th 720 (9th Cir. 2023) ............................................................................................... 10

**Statutes**

A.R.S. § 14-10107(A) ............................................................................................................ 15

A.R.S. § 14-10815 ................................................................................................................. 15

A.R.S. § 14-10816(25) ........................................................................................................... 15

Federal Arbitration Act .......................................................................................................... 9, 13

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

OPPOSITION TO DEFENDANTS' MOTION TO COMPEL ARBITRATION AND TO DISMISS CASE 2:26-CV-02070-MEMF-DFM

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Arbitration is a creature of contract, and only parties to such a contract may be compelled to arbitrate their claims. *E.g.*, *United Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582 (1960) ("[A]rbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit."). Yet Defendants contend that they may pursue claims against Plaintiffs Bradley E. Davis, Brent Roland, and Glenn Roland in their individual capacities despite lacking contractual privity, merely because Messrs. Davis and Roland may (or may not) act as trustees for legally-distinct trust entities. *See* Dkt. 36 ("Mot.") at 17[1] (reiterating the arbitration demand names Plaintiffs "expressly in their ***individual and*** trustee capacities") (emphasis added); *id.* (referring to "dual designation"). The below image of Defendants' amended arbitration demand confirms Defendants intend to pursue Plaintiffs in their "individual" capacities.

**JAMS ARBITRATION**

**ORANGE COUNTY, CALIFORNIA**

| | |
|---|---|
| BRIAN NEWBERRY, THE NEWBERRY FAMILY TRUST, GLENN RUSSELL, THE LAURA AND GLENN RUSSELL REVOCABLE TRUST, ERIC JOHNSON, TWIN HARBORS LLLP, and ELYSIUM ASSET MANAGEMENT, LLC, a California limited liability corporation,<br><br>Claimants,<br><br>vs.<br><br>MOBILE FORCE INVESTMENTS, LLC, an Arizona limited liability company, BRADLEY E. DAVIS, an individual, BRENT ROLAND, an individual, GLENN ROLAND, an individual, COACH INVESTMENTS, LLC, a Delaware limited liability company, FIRST AMERICAN TRUST OF NEVADA, LLC, a Nevada limited liability company, ROBERT KRAKAUER, an individual, JENNIFER DICKENS, an individual, R&R AZ INVESTMENTS, LLC, a Delaware limited liability company, and DOES 1-20, inclusive,<br><br>Respondents. | JAMS Case No. 5200003013<br><br>***AMENDED*** DEMAND FOR ARBITRATION FOR:<br>1) BREACH OF FIDUCIARY DUTY;<br>2) AIDING AND ABETTING BREACH OF FIDUCIARY DUTY;<br>3) CIVIL CONSPIRACY;<br>4) UNJUST ENRICHMENT; and<br>5) DECLARATORY RELIEF |

Dkt. 1-4.

---

[1] All page citations refer to the ECF-stamped page numbers.

OPPOSITION TO DEFENDANTS' MOTION TO COMPEL ARBITRATION AND TO DISMISS CASE 2:26-CV-02070-MEMF-DFM

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

Defendants even reveal their motivation for pursuing Plaintiffs individually: "to ensur[e] that any award entered by the JAMS arbitrator is enforceable against both the individual Plaintiffs *personally* and the trust assets over which they exercise fiduciary control[.]" Mot. at 18 (emphasis added). But the amended arbitration demand does not even *name* the trusts that Plaintiffs purportedly represent (despite Defendants' decision to name two trusts as claimants). Instead, Defendants elected to initiate the arbitration against Plaintiffs not only in their capacity as alleged trustees but also as "individuals," even though none of these individuals agreed to arbitrate any dispute with Defendants in their individual capacities. Dkt. 1-4.

No legal or equitable basis supports Defendants' position that individuals who are not parties to any agreement to arbitrate should nevertheless be required to participate in an arbitration. Unsurprisingly, Defendants do not cite any authority that would permit them to hold any individual personally liable for the alleged acts or decisions of a trust or any other entity. The Court should therefore deny Defendants' Motion because it would be improper and contrary to established law to compel parties to arbitrate claims despite the lack of a valid arbitration agreement between them.

## II.     BACKGROUND

On January 20, 2026, Defendants Brian Newberry, The Newberry Family Trust, Glenn Russell, The Laura & Glenn Russell Revocable Trust, Eric Johnson, Twin Harbors LLLP, and Elysium Asset Management LLC (collectively, "Defendants") initiated an arbitration proceeding (the "Arbitration") against Plaintiffs Mobile Force Investments, LLC ("Mobile Force"), Bradley E. Davis, Brent Roland, and Glenn Roland (B. Davis, B. Roland, and G. Roland are collectively referred to as the "Individual Plaintiffs," and together with Mobile Force, "Plaintiffs"). Dkt. 1 ("Compl.") ¶ 2 & Ex. 2. The Arbitration is premised on an arbitration provision contained in a June 7, 2021 Kadenwood, Inc. ("Kadenwood") Shareholder Agreement. *Id.* ¶ 3 & Ex. 1; Mot. at 8 (relying on "Section 11.9 of the

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

OPPOSITION TO DEFENDANTS' MOTION
TO COMPEL ARBITRATION AND TO
DISMISS CASE 2:26-CV-02070-MEMF-DFM

Kadenwood, Inc. Shareholder Agreement – which Plaintiffs themselves attached to their Complaint as Exhibit 1").

Defendants initially included Mobile Force as a respondent in the Arbitration, claiming it was a shareholder of Kadenwood because Mobile Force was listed in a February 5, 2023 capitalization table (the "Capitalization Table"). On April 9, 2026, however, Defendants filed a *Notice of Dismissal Mobile Force Investments, LLC* in the Arbitration, conceding Mobile Force was *not* a shareholder of Kadenwood and was not a party to any arbitration agreement despite appearing in the Capitalization Table.

Plaintiffs initiated this lawsuit to enjoin Defendants from arbitrating their claims against them because they are not (and were not) parties to the Shareholder Agreement. Compl. ¶ 1. Defendants now curiously ask this Court to compel arbitration against the Individual Plaintiffs pursuant to the Shareholder Agreement. Notably absent from Defendants' Motion is any contention that the Individual Plaintiffs signed the Shareholder Agreement (they did not). Instead, Defendants premise their purported right to compel the Individual Plaintiffs to arbitrate on the fact that the Individual Plaintiffs' signatures appear on a separate document, entitled "Written Consent in Lieu of the 2023 Annual Meeting of the Stockholders of Kadenwood, Inc." (the "Stockholder Consent"), dated two years **after** the Shareholder Agreement. Mot. at 8 ("Here, Plaintiffs Bradley E. Davis, Brent Roland, and Glenn Roland each signed the February 28, 2023 [Stockholder] Consent . . . ."). Importantly, the Stockholder Consent **does not** include an arbitration provision, and does not identify any Plaintiffs as parties to the Shareholder Agreement. *See generally* Dkt. 36-7 ("Stockholder Consent"). Moreover, the Stockholder Consent terminated the Shareholder Agreement. Stockholder Consent at 3 ("RESOLVED, that the Shareholder Agreement is hereby terminated.").

Contrary to Defendants' representations, the Stockholder Consent does not identify any of the Individual Plaintiffs. It identifies the following "Controlling

OPPOSITION TO DEFENDANTS' MOTION TO COMPEL ARBITRATION AND TO DISMISS CASE 2:26-CV-02070-MEMF-DFM

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

Shareholders," "Series B Holders," and "Special Common Holders" "as defined in the Shareholder Agreement":

1.      BleichroederKadenwood LLC;

2.      Present Life Limited;

3.      Approach Marketing LLC;

4.      Piedmont Brand Group, Inc.;

5.      2013 Davis Family Trust (c/o Todd Davis);

6.      Todd Davis;

7.      The Bradley E. Davis Trust UTA dated 1-1-2014;

8.      R&R AZ Investments LLC;

9.      Roland Family Trust;

10.      The Roland Family Support Trust;

11.      Steve Garvey;

12.      Anna-Maria and Stephen Kellen Foundation, Inc.;

13.      The Ellen-Maria Gorrissen Trust 2 U/A Dated 6/3/1993;

14.      Denise and Michael Kellen Foundation, Inc.;

15.      The Ellen-Maria Gorrissen Trust 1 U/A Dated 6/3/1993; and

16.      Marina Kellen French Trust Foundation.

Stockholder Consent at 6-11. Not one of the Individual Plaintiffs is listed as a Kadenwood shareholder, reliably refuting Defendants' assertion that the Individual Plaintiffs are bound by the Shareholder Agreement and its arbitration provision.

## III.    LEGAL STANDARD

"[A]rbitration is a matter of contract." *Rent–A–Center, W., Inc. v. Jackson*, 561 U.S. 63, 67 (2010). In other words, it "is strictly 'a matter of *consent*.'" *Granite Rock Co. v. Int'l Broth. of Teamsters*, 561 U.S. 287, 299 (2010) (reiterating arbitration is available "'to resolve . . . *only those disputes*–that the parties have agreed to submit to arbitration'") (citations omitted) (emphasis added). When a party seeks to compel arbitration under the Federal Arbitration Act ("FAA"), the "court's role is limited to

OPPOSITION TO DEFENDANTS' MOTION TO COMPEL ARBITRATION AND TO DISMISS CASE 2:26-CV-02070-MEMF-DFM

determining whether a valid arbitration agreement exists and, if so, whether the agreement encompasses the dispute at issue." *Lifescan, Inc. v. Premier Diabetic Servs., Inc.*, 363 F.3d 1010, 1012 (9th Cir. 2004); *accord Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000) (citations omitted).

Compelling arbitration is appropriate only "[i]f the answer is yes to both questions[.]" *Lifescan, Inc.*, 363 F.3d at 1012 (citation omitted); *see also Winkler v. McCloskey*, 83 F.4th 720, 728 (9th Cir. 2023) ("We disagree with Appellants' assertion at oral argument that we must send the matter to the arbitrator to decide these questions."). "'[W]hile doubts concerning the scope of an arbitration clause should be resolved in favor of arbitration, ***the presumption does not apply to disputes concerning whether an agreement to arbitrate has been made***.'" *Goldman, Sachs & Co. v. City of Reno*, 747 F.3d 733, 743 (9th Cir. 2014) (citation omitted) (emphasis added); *see also, e.g.*, *Johnson v. Walmart Inc.*, 57 F.4th 677, 680–81 (9th Cir. 2023) (citation omitted); *see also Volt Info. Scis., Inc. v. Bd. of Trs. of Leland Stanford Junior Univ.*, 489 U.S. 468, 478 (1989) (citation omitted) (reiterating that "the FAA does not require parties to arbitrate when they have not agreed to do so").

## IV.   <u>ARGUMENT</u>

Defendants argue "this Court cannot reach the merits of Plaintiffs' arbitrability objections at all" because the Shareholder Agreement contains a delegation clause. Mot. at 15. But Defendants' argument is predicated on the existence of a valid arbitration agreement between them and the Individual Plaintiffs. "It is well settled . . . that whether parties have agreed to submi[t] a particular dispute to arbitration is typically an issue for judicial determination." *Granite Rock Co.*, 561 U.S. at 296 (citations and internal quotation marks omitted); *see also, e.g.*, *MZM Constr. Co., Inc. v. New Jersey Building Laborers Statewide Benefit Funds*, 974 F.3d 386, 402 (3d Cir. 2020) ("[C]ourts retain the primary power to decide questions of whether the parties mutually assented to a contract containing or incorporating a delegation provision."). No such agreement exists, and Defendants can point to none.

OPPOSITION TO DEFENDANTS' MOTION TO COMPEL ARBITRATION AND TO DISMISS CASE 2:26-CV-02070-MEMF-DFM

### A.    No Agreement Exists Between Plaintiffs and Defendants.

Longstanding precedent is dispositive and undermines Defendants' Motion. "[A]rbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *United Steelworkers*, 363 U.S. at 582. Although Defendants dispute the Individual Plaintiffs' avowals "that they were 'never' parties to the Shareholder Agreement," Mot. at 16, Defendants fail to point to any part of the Shareholder Agreement that unequivocally establishes any of the Individual Plaintiffs was a Kadenwood shareholder at any point in time.

Defendants' reliance on the Stockholder Consent is misplaced because it does not identify any of the Individual Plaintiffs. *See id.* While Defendants describe the Stockholder Consent as "a document in which they [the Individual Plaintiffs] expressly acknowledged being stockholder parties to the Shareholder Agreement," a cursory review of the document refutes this characterization as demonstrably false. The Individual Plaintiffs do not appear anywhere in the Stockholder Consent, and Defendants have not produced any other document evidencing the Individual Plaintiffs' agreement to arbitrate. The lack of a valid agreement between the parties is fatal to Defendants' Motion, and warrants denial on this basis alone. *See Kerr v. General Motors LLC*, No. 1:24-cv-00582-RGA, 2025 WL 2051621, at *3 (D. Del. July 22, 2025) ("[W]hen arbitrability is not apparent on the face of the complaint, as here, 'the motion to compel arbitration must be denied pending further development of the factual record.'") (citing *Guidotti v. Legal Helpers Debt Resol., LLC*, 716 F.3d 764, 774 (3d Cir. 2013)).

Because Defendants cannot rely on the Shareholder Agreement itself, they argue arbitration is proper based upon three alternative documents: the Stockholder Consent, a Subscription Agreement, and the Capitalization Table. *See* Mot. at 16. None of these documents is capable of binding any of the Individual Plaintiffs to the arbitration provision contained in the Shareholder Agreement.

The Stockholder Consent merely shows the Individual Plaintiffs signed that

OPPOSITION TO DEFENDANTS' MOTION TO COMPEL ARBITRATION AND TO DISMISS CASE 2:26-CV-02070-MEMF-DFM

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

agreement as agents on behalf of legally distinct entities. *See, e.g.*, Stockholder Consent at 7 (showing Brad Davis signed as "Partner" for The Bradley E. Davis Trust UTA dated 1-1-2014; Brent Roland signed as "Trustee" for R&R AZ Investments LLC, Roland Family Trust, and The Roland Family Support Trust); *see also id.* at 2 ("The Stockholder Consent was sent to Mr. Glenn Roland to sign **on behalf of** The Roland Family Support Trust.") (emphasis added).

The Subscription Agreement likewise fails to identify the Individual Plaintiffs as parties to the Shareholder Agreement or any agreement to arbitrate. *See, e.g.*, Dkt. 36-3 ("Subscription Agreement") at 13 (showing signature on behalf R&R AZ Investments LLC "***[f]or Investors other than Individuals***"); *id.* at 20, 35; Dkt. 41[2] (Suppl. Decl. of Steven E. Bledsoe) ¶ 3 ( "a Subscription Agreement bearing the signature of Glenn Roland ***for the Roland Family Support Trust***") (emphasis added); *id.* ¶ 4 ("a Subscription Agreement bearing the signature of Brent Roland ***for the Roland Family Trust***") (emphasis added).

The Capitalization Table does not identify any of the Individual Plaintiffs at all. Mot. at 16 ("The February 5, 2023 Capitalization Table lists each of ***the relevant trusts*** . . . .") (emphasis added); *see generally*, Dkt. 36-4. Moreover, even if it did, Defendants have already implicitly conceded that being listed on the Capitalization Table is not synonymous with shareholder status. Indeed, Defendants dismissed Mobile Force from the Arbitration because it was never a Kadenwood shareholder, even though Mobile Force appears in the Capitalization Table. The dismissal of Mobile Force illustrates that Defendants indiscriminately included respondents in the Arbitration without confirming or verifying whether the named respondents ever entered into an arbitration agreement.

Defendants rely on *Arthur Andersen LLP v. Carlisle*, 556 U.S. 624 (2009); *Herrera v. Cathay Pac. Airways Ltd.*, 104 F.4th 702 (9th Cir. 2024); *JSM Tuscany,*

---

[2] Plaintiffs object to Defendants late-filed evidence in support of its Motion.

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

*LLC v. Super. Ct.*, 193 Cal. App. 4th 1222 (2011); and *Metalclad Corp. v. Ventana Env't Org. P'ship*, 109 Cal. App. 4th 1705 (2003), to argue that the Individual Plaintiffs should be bound by the arbitration agreement even though they were not parties to the Shareholder Agreement. Mot. at 19. Each of these authorities is distinguishable in material regards, and therefore inapposite.

*Arthur Andersen LLP* addressed "whether appellate courts have jurisdiction under § 16(a) [of the FAA] to review denials of stays requested by litigants who were not parties to the relevant arbitration agreement." 556 U.S. at 625-26. *Herrera* articulated the standard of review governing appeals from the denial of a motion to compel arbitration filed by a non-signatory against a signatory. 104 F.4th at 704. Neither case applies here, where Defendants, as signatories, are attempting to enforce arbitration against non-signatories.

In *JSM Tuscany, LLC*, the court held non-signatory plaintiffs, whose claims were so intertwined with many other signatory plaintiffs' claims, were compelled to arbitrate their claims because their claims "relie[d] on contract terms." 193 Cal. App. 4th at 1239. Unlike the plaintiffs in *JSM Tuscany, LLC*, the Individual Plaintiffs have not brought any claims against Defendants, let alone claims based on the Shareholder Agreement. Rather, the Individual Plaintiffs seek to enjoin Defendants from pursing Defendants' claims against them in arbitration. Similarly, *Metalclad Corp.* applied equitable estoppel to a signatory's breach of contract claim against a non-signatory because the claim "could not be more 'intimately founded in and intertwined with' the underlying [] contract." 109 Cal. App. 4th at 1717. Notably, the *non-signatory* in *Metalclad Corp.* moved to compel arbitration, claiming equitable principles precluded the signatory from avoiding arbitration of claims arising out of an agreement between the signatory and the non-signatory's subsidiary, and the appellate court agreed. *See id.* Thus, the courts' rationale in *JSM Tuscany, LLC* and *Metalclad Corp.* do not apply here.

Not only are Defendants' authorities legally and factually distinguishable, they

OPPOSITION TO DEFENDANTS' MOTION TO COMPEL ARBITRATION AND TO DISMISS CASE 2:26-CV-02070-MEMF-DFM

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

are also inapposite because the Shareholder Agreement is governed by Delaware law. Shareholder Agreement § 11.8. Under Delaware law, "[a] nonsignatory to a contract cannot be bound by an arbitration clause unless 'traditional principles of contract and agency law' equitably confer upon that party signatory status with regard to the underlying agreement." *BuzzFeed, Inc. v. Anderson*, No. 2022-0357-MTZ, 2022 WL 15627216, at *8 (Del. Ch. Oct. 28, 2022) (citation omitted). Defendants' stated goal of reaching the Individual Plaintiffs' personal assets without a basis to do so is far outside Delaware's limited exception. Even an "indirect benefit under a contract is an insufficient basis on which to invoke an equitable estoppel theory to bind a non-signatory to an arbitration clause of a contract." *NAMA Holdings, LLC v. Related World Mkt. Ctr., LLC*, 922 A.2d 417, 432-33 (Del. Ch. 2007); *see also E.I. DuPont de Nemours & Co. v. Rhone Poulenc Fiber & Resin Intermediates, S.A.S.*, 269 F.3d 187, 197-202 (3d Cir. 2001) (non-signatory could not be compelled to arbitration under third-party beneficiary, agency or estoppel theories even where the non-signatory negotiated the agreement).

The Court should therefore deny the Motion for the simple reason that the Individual Plaintiffs did not agree to arbitration. *See Coinbase, Inc. v. Suski*, 602 U.S. 143, 145 (2024) ("[D]isputes are subject to arbitration if, and only if, the parties actually agreed to arbitrate those disputes.").

### B.    The Individual Plaintiffs are Distinct from an Entity's Agent.

Defendants argue the definition of "Shareholder" in the Shareholder Agreement encompasses the Individual Plaintiffs. That definition, however, expressly provides that only "Shareholders as reflected in the introductory paragraph above . . . and their legal representatives, permitted successors, and permitted assigns" are bound by the Shareholder Agreement. Dkt. 36-2 at 5 (§ 1.41). Even though a trust's legal representative is the trustee, Defendants went beyond naming each of the Individual Plaintiffs in his capacity as trustee of his respective trust.

/ / /

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

OPPOSITION TO DEFENDANTS' MOTION TO COMPEL ARBITRATION AND TO DISMISS CASE 2:26-CV-02070-MEMF-DFM

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

Trusts are governed by the law set forth in the governing trust agreement. The trusts at issue were organized under Arizona law. The legal representative of a trust governed by Arizona law is the trustee. *See* A.R.S. § 14-10107(A) ("The meaning and effect of the terms of a trust are determined by the law of the jurisdiction designated in the terms of the trust instrument."); A.R.S. § 14-10816(25) (authorizing trustee to "[s]ign and deliver contracts and other instruments that are useful to achieve or facilitate the exercise of the trustee's powers"); A.R.S. § 14-10815 (enumerating general powers of trustee). Thus, because a trustee serves as a trust's legal representative, Defendants were entitled to name a shareholder trust and its current trustee. Defendants were not, however, authorized to name any individual serving as trustee in his or her individual capacity.

Defendants' failure to appreciate the distinction between a trustee and an individual is apparent, and their desire to reach the Individual Plaintiffs' personal assets is insufficient to disregard important delineations between an entity and its duly-authorized representative. The plain text of the Shareholder Agreement conclusively undermines Defendants' contention that the definition of "Shareholder" encompasses the Individual Plaintiffs in their individual capacities, and no other basis exists to require these individuals to submit to the Arbitration.

### C. The Arbitration Agreement Is Not Enforceable Because The Shareholder Agreement Terminated.

Defendants attempt to preemptively argue that the termination of the Shareholder Agreement cannot preclude arbitration against the Individual Plaintiffs because the parties delegated the issue of termination to the arbitrator. Mot. at 20. As discussed above, however, the Court first must determine whether an agreement to arbitrate exists before examining the delegation clause. *See Lifescan, Inc.*, 363 F.3d at 1012; *Chiron Corp.*, 207 F.3d at 1130.

The record in this case confirms the Individual Plaintiffs did not agree to arbitration. And Defendants' reliance on a now-terminated contract to which the

OPPOSITION TO DEFENDANTS' MOTION TO COMPEL ARBITRATION AND TO DISMISS CASE 2:26-CV-02070-MEMF-DFM

Individual Plaintiffs were not parties highlights the fatal flaws in Defendants' argument. Pursuant to Section 9.2, the Shareholder Agreement terminated years ago when Kadenwood became insolvent, and thus no agreement providing for arbitration exists. The Stockholder Consent Defendants submitted confirms this point. *See* Stockholder Consent at 3 ("RESOLVED, that the Shareholder Agreement is hereby terminated."). Moreover, Defendants fail to cite any governing authority that *non-signatories to a terminated agreement* may still be forced to arbitrate the moving party's claims.

Defendants' reliance on *Oxford Preparatory Acad. v. Edlighten Learning Sols.*, 34 Cal. App. 5th 605 (2019), is misplaced because that case did not involve enforcing an arbitration provision against non-signatories, and therefore is unpersuasive. Moreover, unlike the termination of the Shareholder Agreement, the parties in that case contractually defined which obligations survived the termination of the underlying contracts, rendering it factually distinguishable. *See Oxford Preparatory Acad.*, 34 Cal. App. 5th at 607.

Consistent with the Delaware and Third Circuit cases cited above, earlier this month, the Ninth Circuit reiterated that even the existence of a delegation clause could not force a non-signatory to arbitration. In *Olson v. FCA US, LLC*, a manufacturer sought to compel arbitration of the plaintiff's claims against it pursuant to an arbitration agreement between the plaintiff and the manufacturer's authorized dealer. No. 24-6527, 2026 WL 934267, at *1 (9th Cir. Apr. 7, 2026). The Court rejected the manufacturer's argument that the delegation clause precluded the court from determining arbitrability of the claims at issue. *Id.* "With limited exceptions, non-parties to an arbitration agreement cannot enforce the agreement's terms against a signatory. [The signatory] never agreed to arbitration with [the non-signatory], and no exceptions to the general rule that only parties to an arbitration agreement can enforce it apply here." *Id.* at *3.

/ / /

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

OPPOSITION TO DEFENDANTS' MOTION TO COMPEL ARBITRATION AND TO DISMISS CASE 2:26-CV-02070-MEMF-DFM

That the Shareholder Agreement terminated *before* Defendants sought to arbitrate any claims only bolsters the conclusion that no arbitration agreement exists, particularly with respect to the Individual Plaintiffs, who are not parties to any arbitration agreement with Defendants. Defendants have failed to present any evidence to the contrary, and have not produced any legitimate—let alone compelling—legal or equitable reason to require the Individual Plaintiffs to arbitrate Defendants' claims even though they were not parties to the terminated Shareholder Agreement. Accordingly, the Court should deny the Motion.

## V.     CONCLUSION

Defendants indiscriminately named the Individual Plaintiffs as respondents in the Arbitration despite the lack of a valid arbitration agreement and the lack of any equitable basis to compel arbitration. Defendants elected to name the Individual Plaintiffs not in any representative capacity, on behalf of any alleged shareholder, but individually, claiming an entitlement to their personal assets. *See* Mot. at 18 (seeking to enforce an arbitration award "against both the individual Plaintiffs personally and the trust assets over which they exercise fiduciary control").

But Defendants elected not to name the trusts they allege were shareholders as respondents in the Arbitration, and similarly elected not to name any of the Individual Plaintiffs in their capacity as trustees. This type of overreaching results in glaring defects that preclude the requested relief. Specifically, the lack of an enforceable arbitration agreement signed by each of the Individual Plaintiffs in their individual capacities is dispositive. That the Shareholder Agreement is indisputably terminated in a writing that does not identify any surviving obligations or provisions further undermines Defendants' entitlement to relief. Accordingly, the Individual Plaintiffs respectfully request that this Court deny Defendants' Motion in its entirety.

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

OPPOSITION TO DEFENDANTS' MOTION TO COMPEL ARBITRATION AND TO DISMISS CASE 2:26-CV-02070-MEMF-DFM

Dated: April 23, 2026                Respectfully submitted,

                                     Squire Patton Boggs (US) LLP


                                     By:  /s/Marisol Mork
                                          Marisol C. Mork
                                          Hannah Makinde
                                     *Attorneys for Plaintiffs Brent Roland and Glenn Roland*

Dated: April 23, 2026                Respectfully submitted,

                                     Moyes Sellers & Hendricks Ltd.


                                     By:  /s/Natalya Ter-Grigoryan
                                          Cody J. Jess
                                          Natalya Ter-Grigoryan
                                     *Attorneys for Plaintiffs Mobile Force Investments, LLC, and Bradley E. Davis*

## CERTIFICATION OF COMPLIANCE

The undersigned, counsel of record for Plaintiffs Brent Roland and Glenn Roland, certifies that this brief contains 3,517 words, which complies with the word limit of L.R. 11-6.1.  I further certify that all signatories concur in the filing's content and have authorized this filing.


Dated: April 23, 2026                     /s/Marisol Mork
                                           Marisol C. Mork