Marisol C. Mork (State Bar No. 265170)
Hannah J. Makinde (State Bar No. 307907)
marisol.mork@squirepb.com
hannah.makinde@squirepb.com
SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, CA 90071
Telephone:  +1 213 624 2500

*Attorneys for Plaintiffs Brent Roland and*
*Glenn Roland*

*Additional counsel listed on signature page*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOBILE FORCE INVESTMENTS, LLC, an Arizona limited liability company, BRADLEY E. DAVIS, BRENT ROLAND, and GLENN ROLAND,<br><br>          Plaintiffs,<br><br>      v.<br><br>BRIAN NEWBERRY, THE NEWBERRY FAMILY TRUST, GLENN RUSSELL, THE LAURA & GLENN RUSSELL REVOCABLE TRUST, ERIC JOHNSON, TWIN HARBORS LLLP, a Nevada limited-liability limited partnership, and ELYSIUM MANAGEMENT, LLC, a California limited liability corporation.<br><br>          Defendants. | Case No.  2:26-cv-02070-MEMF-DFM<br><br>**INDIVIDUAL PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY INJUNCTION ENJOINING ARBITRATION; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[Filed concurrently with Declaration of Marisol C. Mork; Declaration of Bradley E. Davis; Declaration of Brent Roland; Declaration of Glenn Roland; and (Proposed) Order]<br><br>Date:  June 18, 2026<br>Time: 10:00 AM<br>Place: First Street U.S. Courthouse<br>Courtroom 8B<br>350 West 1st Street<br>Los Angeles, CA 90012<br><br>Complaint Filed: February 26, 2026 |

## <u>NOTICE OF MOTION AND MOTION</u>

**TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on June 18, 2026, at 10:00 a.m., or as soon thereafter as counsel may be heard before the Honorable Maame Ewusi-Mensah Frimpong in Courtroom 8B of the United States District Court for the Central District of California, 350 W. 1st Street, Los Angeles, CA 90012, Plaintiffs will and hereby do move pursuant to Federal Rule of Civil Procedure 65 and the Federal Arbitration Act, 9 U.S.C. § 4, for a preliminary injunction enjoining arbitration prosecuted by Defendants.

Plaintiffs bring this Motion because Defendants have improperly initiated arbitration against them in their individual capacities pursuant to an arbitration agreement to which Plaintiffs did not agree. On that basis, Plaintiffs request that the Court enter a preliminary injunction after confirming Plaintiffs have satisfied the applicable requirements for the issuance of injunctive relief. Plaintiffs are likely to prevail on the merits because they cannot be compelled to arbitrate when they did not sign and are not otherwise bound by an agreement to arbitrate. Plaintiffs demonstrate irreparable harm because courts in the Ninth Circuit have held that forcing a party to submit to an arbitration to which it did not agree constitutes *per se* irreparable harm. A balance of the potential hardships also favors a preliminary injunction because Defendants would suffer no prejudice in proceeding in court as opposed to spending money on an arbitration award that would ultimately be vacated. Finally, the public interest in the efficient administration of cases favors a preliminary injunction rather than forcing a party to arbitrate without an underlying agreement to arbitrate, which would lead only to further court proceedings to vacate any eventual award.

This Motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, the Declaration of Marisol C. Mork, the Declaration of Bradley E. Davis, the Declaration of Brent Roland, the Declaration of Glenn Roland, all of the pleadings, files, and records in this proceeding, all other matters

of which the Court may take judicial notice, and any argument or evidence that may be presented to or considered by the Court prior to its ruling.

Dated:  May 6, 2026.

SQUIRE PATTON BOGGS (US) LLP

By: /s/ *Marisol C. Mork*
       Marisol C. Mork
       Hannah J. Makinde

*Attorneys for Plaintiffs Brent Roland and Glenn Roland*

MOYES SELLERS & HENDRICKS LTD.

By: /s/ *Cody J. Jess*

Cody J. Jess (*pro hac vice*)
Natalya Ter-Grigoryan (*pro hac vice*)
cjess@law-msh.com
ntg@law-msh.com
1850 N. Central Ave., #1100
Phoenix, Arizona 85004
Telephone:  +1 602 604 2141

*Attorneys for Plaintiffs Mobile Force Investments, LLC and Bradley E. Davis*

# **TABLE OF CONTENTS**

I.    Introduction.................................................................................................7

II.    Background..................................................................................................9

  A.    The Shareholder Agreement and Parties ...........................................9

  B.    The Arbitration ................................................................................12

  C.    Procedural History ...........................................................................13

III.    Legal Standard...........................................................................................13

IV.    Argument....................................................................................................14

  A.    The Individual Plaintiffs Are Likely to Succeed on the Merits Because They Are Not Bound by Any Arbitration Agreement................................14

  B.    The Individual Plaintiffs Will Suffer Irreparable Harm Absent a Preliminary Injunction. ..............................................................................18

  C.    The Balance of Hardships Favors an Injunction. .........................19

  D.    Public Interest Favors an Injunction. ............................................20

  E.    The Court Should Not Require a Bond. .........................................21

V.    Conclusion.................................................................................................22

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*AT&T Mobility LLC v. Bernardi*,
No. 11-cv-04412, 2011 WL 5079549 (N.D. Cal. Oct. 26, 2011) ................ 20, 21

*Bel-Ray Co. v. Chemrite (Pty) Ltd.*,
181 F.3d 435 (3d Cir. 1999) ...................................................................... 15

*BuzzFeed, Inc. v. Anderson*,
No. 2022-0357-MTZ, 2022 WL 15627216 (Del. Ch. Oct. 28, 2022).... 15, 16, 18

*Charles Schwab & Co. v. Reaves*,
No. 09-cv-02590-PHX-MHM, 2010 WL 447370 (D. Ariz. Feb. 4, 2010) ....................................................................................................... 20

*Comedy Club, Inc. v. Improv W. Assocs.*,
553 F.3d 1277 (9th Cir. 2009) ................................................................... 21

*Field Intel. Inc v. Xylem Dewatering Sols. Inc*,
49 F.4th 351 (3d Cir. 2022) ....................................................................... 18

*Granite Rock Co. v. Int'l Bhd. of Teamsters*,
561 U.S. 287 (2010) ................................................................................... 15

*Ingram Micro Inc. v. Signeo Int'l, Ltd.*,
No. 13-cv-01934-DOC, 2014 WL 3721197 (C.D. Cal. July 22, 2014) ....................................................................................................*passim*

*John Wiley & Sons, Inc. v. Livingston*,
376 U.S. 543 (1964) ................................................................................... 15

*Johnson v. Couturier*,
572 F.3d 1067 (9th Cir. 2009) ................................................................... 21

*Morgan Keegan & Co. v. McPoland*,
829 F.Supp.2d 1031 (W.D. Wash. 2011) ............................................. 20, 21

*NAMA Holdings, LLC v. Related World Mkt. Ctr., LLC*,
922 A.2d 417 (Del. Ch. 2007) ............................................................. 16, 17

*Oppenheimer & Co. Inc. v. Mitchell*,
   No. 23-cv-00067-MJP, 2023 WL 2428404 (W.D. Wash. Mar. 9,
   2023) ................................................................................................................ 19, 21

*OppenheimerFunds Distrib., Inc. v. Liska*,
   No. 11-cv-01586-BEN-WMC, 2011 WL 5984036 (S.D. Cal. Nov.
   28, 2011) ................................................................................................................ 19

*Pension Plan for Pension Tr. Fund for Operating Engineers v.
   Weldway Constr., Inc.*,
   920 F.Supp.2d 1034 (N.D. Cal. 2013) ............................................................ 19, 20

*Ralph Andrews Prods., Inc. v. Writers Guild of Am., W.*,
   938 F.2d 128 (9th Cir. 1991) ................................................................................ 15

*Rent-A-Ctr., W., Inc. v. Jackson*,
   561 U.S. 63 (2010) ................................................................................................ 15

*Sheet Metal Workers Int'l Ass'n, Loc. No. 359, AFL-CIO v. Ariz. Mech.
   & Stainless, Inc.*,
   863 F.2d 647 (9th Cir. 1988) ................................................................................ 13

*Textile Unlimited, Inc. v. ABMH & Co.*,
   240 F.3d 781 (9th Cir. 2001) ................................................................................ 14

*Thomson-CSF, S.A. v. Am. Arb. Ass'n*,
   64 F.3d 773 (2d Cir. 1995) ................................................................................... 16

*Volt Info. Scis., Inc. v. Bd. of Trs. of Leland Stanford Junior Univ.*,
   489 U.S. 468 (1989) .............................................................................................. 11

## STATUTES

A.R.S. § 14-10107(A) .................................................................................................. 7

A.R.S. § 14-10815 ....................................................................................................... 8

A.R.S. § 14-10816(25) ................................................................................................. 7

## OTHER AUTHORITIES

Federal Rule of Civil Procedure 65(c) ...................................................................... 21

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

This is a case about whether nonparties to a terminated arbitration agreement can be forced to arbitrate by parties to the terminated agreement.  Defendants have initiated an arbitration, JAMS Case No. 5200003013 (the "Arbitration"), naming Plaintiffs Bradley E. Davis, Brent Roland, and Glenn Roland (the "Individual Plaintiffs") as respondents in their individual capacities.  Defendants initially also named Mobile Force Investments, LLC ("Mobile Force") as a respondent in the Arbitration, claiming it was a shareholder of Kadenwood, Inc. ("Kadenwood") because Mobile Force was listed in a February 5, 2023 capitalization table (the "Capitalization Table").  On April 9, 2026, however, Defendants filed a *Notice of Dismissal of Mobile Force Investments, LLC* in the Arbitration, conceding Mobile Force was *not* a shareholder of Kadenwood and was not a party to any arbitration agreement.  *See* Declaration of Marisol C. Mork ("Mork Decl."), ¶ 7.

The only contractual basis Defendants have identified for the arbitration is a shareholder agreement entered between Kadenwood and its shareholders (the "Shareholder Agreement").  But none of the Individual Plaintiffs was ever a shareholder of Kadenwood or otherwise bound by the Shareholder Agreement.  Section 1.41 of the Shareholder Agreement defines the terms "Shareholder" and "Shareholders" to "mean the Shareholders as reflected in the introductory paragraph above, any Shareholders subsequently added to this Agreement pursuant to Section 2.1, and their legal representatives[.]"  The Individual Plaintiffs clearly do not meet this definition.  The fact that they served as *trustees* for some shareholding trusts (as Defendants contend) does not make them shareholders *individually*.  The legal representative of an Arizona trust is the trustee.  *See* A.R.S. § 14-10107(A) ("The meaning and effect of the terms of a trust are determined by the law of the jurisdiction designated in the terms of the trust instrument."); A.R.S. § 14-10816(25) (authorizing trustee to "[s]ign and deliver contracts and other instruments that are useful to achieve

- 7 -

or facilitate the exercise of the trustee's powers"); A.R.S. § 14-10815 (enumerating general powers of trustee). Thus, a trustee serves as a trust's legal representative, but none of the Individual Plaintiffs was named as a respondent in the Arbitration in his capacity as a trustee of a named trust. The distinction between a trustee and an individual conclusively undermines Defendants' contention that the definition of "Shareholder" warranted naming the Individual Plaintiffs in their individual capacities.

In the Arbitration and in this action, Defendants falsely assert the Individual Plaintiffs signed a document that indicates each of them is a party to the Shareholder Agreement. *See, e.g.*, Defs.' Mot. to Compel Arb. and to Dismiss Case ("Motion to Dismiss") [ECF No. 36] at 15–16 (citing Stockholder Consent [ECF No. 36-7] at TD0000599–604). The signatures on which Defendants rely, however, conclusively establish that the Individual Plaintiffs signed (if at all), only as an agent of a shareholder—*e.g.*, as a managing member of a limited liability company, or trustee of a trust—and ***not*** in their individual capacities:

**The Bradley E. Davis Trust UTA dated 1-1-2014**

— DocuSigned by:
Brad Davis

By: _____
 EADF24CD41A5437

Name:  Brad Davis
Title:    Partner
Total shares:  3,391,817

**The Roland Family Support Trust**

— DocuSigned by:
Brent Roland

By: _____
 EF716FE39D45417

Name:  Brent Roland
Title:    Trustee
Total shares:  714,367

**Roland Family Trust**

— DocuSigned by:
Brent Roland

By: _____
 EF716FE39D45417

Name:  Brent Roland
Title:    Trustee
Total shares:  2,688,300

Stockholder Consent [ECF No. 36-7] at TD0000604. *But see* Mot. to Dismiss [ECF No. 36] at 16 ("Plaintiffs Bradley Davis, Brent Roland, and Glenn Roland each signed the Stockholder Consent, which explicitly states that they are stockholders . . . They did not sign as neutral third parties.").

The Individual Plaintiffs move to preliminarily enjoin Defendants from proceeding with the Arbitration before the Individual Plaintiffs suffer further irreparable harm. This Court should grant the motion because all the traditional requirements for a preliminary injunction are satisfied here. ***First***, the Individual Plaintiffs are likely to prevail on the merits because they never signed the Shareholder Agreement or any agreement to arbitrate in their individual capacities, and are not bound by the arbitration provision within the Shareholder Agreement. Under well-settled legal principles, non-parties to an arbitration agreement cannot be compelled to arbitrate. ***Second***, courts in the Ninth Circuit have held that forcing a party to submit to an arbitration to which it did not agree constitutes *per se* irreparable harm. ***Third***, a balance of the potential hardships favors a preliminary injunction because Defendants would suffer no prejudice in proceeding in this Court as opposed to expending time and financial resources on an arbitration award that would ultimately be vacated. ***Fourth***, the public interest favors a preliminary injunction rather than forcing a party to participate in arbitration without consent, which would lead only to further court proceedings to vacate any eventual award.

For the foregoing reasons, and as detailed more fully below, this Court should enter a preliminary injunction enjoining Defendants from proceeding with the Arbitration against the Individual Plaintiffs.

## II.    **BACKGROUND**

### A.    **The Shareholder Agreement and Parties**

Prior to 2020, *Defendants* were shareholders in Kadenwood, a Delaware corporation. Original Demand [ECF No. 1-2] ¶¶ 1–5; Am. Demand [ECF No. 1-4] ¶¶ 1–5. On or about June 7, 2021, Kadenwood and its shareholders entered into the

Shareholder Agreement, which is governed by Delaware law. *See* Shareholder Agreement [ECF No. 1-1] § 11.8. Section 11.9 of the Shareholder Agreement is an arbitration agreement, which, in relevant part, provides that "any dispute or disagreement between the parties" to the Shareholder Agreement must be arbitrated before JAMS. *Id.* § 11.9. The Individual Plaintiffs challenge the enforceability of § 11.9 and any delegation clause therein as to each of them, in their individual capacities.

The parties to the Shareholder Agreement are Kadenwood and its shareholders. *See id.* § 1.34 (defining "Parties" as "Company and each of the Shareholders"); *id.* § 1.9 (defining "Company" as "Kadenwood, Inc."). Exhibit A to the Shareholder Agreement sets forth the Shareholders, and thus the parties to that agreement. *See id.* at KW2_100513. In this action and in the Arbitration, Defendants have not produced Exhibit A despite JAMS's express requests. *See* Mork Decl., Ex. A (Apr. 3, 2026 Email from Steven E. Bledsoe to Cynthia Victory). Indeed, Defendants have acknowledged they have not submitted Exhibit A, and instead submitted only the Capitalization Table dated February 5, 2023. *See id.* Defendants' reliance on the Capitalization Table is misplaced and unavailing because they have implicitly conceded it does not exclusively identify shareholders. Indeed, the Capitalization Table lists Mobile Force, which was never a Kadenwood shareholder, and which Defendants voluntarily dismissed from the Arbitration on April 9, 2026. *See* Mork Decl., ¶ 7.

Similarly, none of the Individual Plaintiffs was ever a shareholder of Kadenwood. *See* Declaration of Bradley E. Davis ("Davis Decl."), ¶ 3; Declaration of Brent Roland ("B. Roland Decl."), ¶ 3; Declaration of Glenn Roland ("G. Roland Decl."), ¶ 3.

Three relevant trusts—The Bradley E. Davis Trust UTA dated 1-1-2014, Roland Family Trust, and The Roland Family Support Trust—were shareholders of Kadenwood at some time. *See* Stockholder Consent [ECF No. 36-7] at TD0000604.

Bradley Davis is the current trustee of The Bradley E. Davis Trust UTA dated 1-1-2014.  Davis Decl., ¶ 5.  Brent Roland is the current trustee of Roland Family Trust. B. Roland Decl., ¶ 5.  Glenn Roland, however, is not the current trustee of The Roland Family Support Trust. G. Roland Decl., ¶ 5.  That Defendants named the Individual Plaintiffs without verifying their current status as trustees illustrates the careless manner in which Defendants began prosecuting the Arbitration, and warrants enjoining the Arbitration until the Court confirms that none of the Individual Plaintiffs can be compelled to arbitrate any dispute with Defendants.  *See, e.g.*, *Volt Info. Scis., Inc. v. Bd. of Trs. of Leland Stanford Junior Univ.*, 489 U.S. 468, 469 (1989) ("Arbitration under the Act in a matter of consent, not coercion[.]").

On or about February 28, 2023, certain Kadenwood shareholders executed a document (the "Stockholder Consent") pursuant to one of the termination sections of the Shareholder Agreement.  *See* Stockholder Consent [ECF No. 36-7].  The sixteen Kadenwood shareholders who signed the Stockholder Consent were (1) BleichroederKadenwood LLC; (2) Present Life Limited; (3) Approach Marketing LLC; (4) Piedmont Brand Group, Inc.; (5) 2013 Davis Family Trust (c/o Todd Davis); (6) Todd Davis; (7) The Bradley E. Davis Trust UTA dated 1-1-2014; (8) R&R AZ Investments LLC; (9) Roland Family Trust; (10) The Roland Family Support Trust; (11) Steve Garvey; (12) Anna-Maria and Stephen Kellen Foundation, Inc.; (13) The Ellen-Maria Gorrissen Trust 2 U/A Dated 6/3/1993; (14) Denise and Michael Kellen Foundation, Inc.; (15) The Ellen-Maria Gorrissen Trust 1 U/A Dated 6/3/1993; and (16) Marina Kellen French Trust Foundation.  *See* Stockholder Consent [ECF No. 36-7] at TD0000603–608.  The Individual Plaintiffs are **not** identified as Kadenwood shareholders in the Stockholder Consent.  *See id.*  The Individual Plaintiffs signed (if at all), only on behalf of an entity that was a party to the Shareholder Agreement—*e.g.*, as an agent of a limited liability company, or trustee of a trust—and not in their individual capacities.  *See id.*; *see also id.* at

TD0000509 ("The Stockholder Consent was sent to Mr. Glenn Roland to sign *on behalf of* The Roland Family Support Trust." (emphasis added)).

### B. The Arbitration

Defendants initiated the Arbitration on January 20, 2026, before JAMS in Orange County, California. *See* Original Demand [ECF No. 1-2]. Defendants named the Individual Plaintiffs (and Mobile Force) as respondents in the Arbitration. *See id.* The only arbitration agreement identified in the Original Demand is the Shareholder Agreement. *See id.* ¶ 16 ("JAMS has personal jurisdiction over the Respondents because the shareholders of Kadenwood agreed in the Shareholder Agreement to final and binding arbitration.").

On February 17, 2026, Defendants filed an Amended Demand in the Arbitration, continuing to name the Individual Plaintiffs and Mobile Force as respondents. *See* Am. Demand [ECF No. 1-4]. Like the Original Demand, the Amended Demand identifies only the Shareholder Agreement as the relevant arbitration agreement. *See id.* ¶ 16.

The Amended Demand specifies that Defendants are asserting claims against the Individual Plaintiffs *in their individual capacities*, not only as trustees of a trust that was a shareholder of Kadenwood:

> COMES NOW *Claimants* Brian Newberry, The Newberry Family Trust (collectively "Newberry"), Glenn Russell, The Laura & Glenn Russell Revocable Trust, Eric Johnson, Twin Harbors LLLP, and Elysium Asset Management, LLC (collectively "Elysium Parties") (all collectively "Claimants"), who *complain and allege against Respondents* Mobile Force Investments, LLC, *Bradley E. Davis (as an individual* and as Trustee of the Bradley E. Davis Trust dated January 1, 2014), *Brent Roland (as an individual* and as Trustee of The Roland Family Trust), *Glenn Roland (as an individual* and as Trustee of The Roland Family Support Trust), Coach Investments, LLC, First American Trust of Nevada, LLC, Robert Krakauer, Jennifer Dickens, and R&R AZ Investments, LLC (all collectively "Respondents"), and DOES 1-20 inclusive as follows:

*Id.* at 2:1–10 (emphasis added).

On March 3, 2026, the Individual Plaintiffs filed an *Objection to Jurisdiction and Response* in the Arbitration, objecting to arbitration with Defendants and denying JAMS' jurisdiction. *See* Mork Decl., ¶ 5.

### C.   Procedural History

On February 26, 2026, the Individual Plaintiffs filed the Complaint in this action. ECF No. 1. Summons were issued on March 17, 2026. ECF Nos. 25–31.

On April 9, 2026, Defendants dismissed Mobile Force from the Arbitration. *See* Mork Decl., ¶ 7; *see also* Mot. to Dismiss [ECF No. 36] at 2 n.1 ("Mobile Force Investments, LLC, is therefore not a subject of this Motion"). On April 16, 2026, Defendants moved to compel arbitration and dismiss the Complaint in this action against the Individual Plaintiffs. *See* Mot. to Dismiss [ECF No. 36].

## III.   LEGAL STANDARD

"A district court may enjoin arbitration proceedings that are not governed by a valid and binding arbitration agreement." *Ingram Micro Inc. v. Signeo Int'l, Ltd.*, No. 13-cv-01934-DOC, 2014 WL 3721197, at *2 (C.D. Cal. July 22, 2014) (granting plaintiff's motion to enjoin arbitration proceedings). As Defendants acknowledge, the Federal Arbitration Act ("FAA") authorizes this Court to make the threshold determination of "'whether a valid agreement to arbitrate exists'" in the context of a request to enjoin or enforce an arbitration. Mot. to Dismiss [ECF No. 36] at 13 (citation omitted); *see also, e.g.*, *Sheet Metal Workers Int'l Ass'n, Loc. No. 359, AFL-CIO v. Ariz. Mech. & Stainless, Inc.*, 863 F.2d 647, 653 (9th Cir. 1988) ("The Supreme Court has clearly held that the 'arbitrability' issue is for the courts and not the arbitrator."). Defendants similarly do not–and legitimately could not–dispute that the presumption "'in favor of arbitration . . . does not apply to disputes concerning whether an agreement to arbitrate has been made.'" Mot. to Dismiss [ECF No. 36] at 13 (citation omitted).

"A preliminary injunction to enjoin arbitration proceedings may be granted if the moving party meets the requirements for preliminary injunctive relief." *Ingram*

- 13 -

*Micro Inc.*, 2014 WL 3721197, at *2 (citing *Textile Unlimited, Inc. v. ABMH & Co.*, 240 F.3d 781, 786 (9th Cir. 2001)).   Under Ninth Circuit law, "[t]he traditional equitable criteria for granting preliminary injunctive relief are: (1) a strong likelihood of success on the merits; (2) the possibility of irreparable injury to the plaintiffs if injunctive relief is not granted; (3) a balance of hardships favoring the plaintiffs; and (4) advancement of the public interest." *Textile Unlimited*, 240 F.3d at 786 (citing *L.A. Mem'l Coliseum Comm'n v. NFL*, 634 F.2d 1197, 1201 (9th Cir. 1980)).

Alternatively, "'the moving party may meet its burden by demonstrating either (1) a combination of probable success on the merits and the possibility of irreparable injury or (2) that serious questions are raised and the balance of hardships tips sharply in its favor.'" *Id.* (citation omitted).   "A 'serious question' is characterized as one as to which the moving party has a fair possibility of succeeding on the merits." *Ingram Micro*, 2014 WL 3721197, at *2 (citing *Sierra On–Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1421 (9th Cir.1984)).

## IV.   <u>ARGUMENT</u>

This Court should enter a preliminary injunction because the Individual Plaintiffs have satisfied each of the four requirements for injunctive relief.

### A.   <u>The Individual Plaintiffs Are Likely to Succeed on the Merits Because They Are Not Bound by Any Arbitration Agreement.</u>

In the Complaint, the Individual Plaintiffs seek an order (i) enjoining Defendants, under the FAA, from prosecuting the Arbitration or any other arbitration against the Individual Plaintiffs pursuant to the arbitration provision in the Shareholder Agreement, and (ii) declaring that the Individual Plaintiffs have not agreed and are not bound to arbitrate any dispute with Defendants. *See* Compl. at 8–9. The Individual Plaintiffs are likely to succeed on the merits of their claims because they never signed and are not bound by the Shareholder Agreement or its arbitration provision. *See Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 67 (2010) ("The FAA reflects the fundamental principle that arbitration is a matter of contract."); *Granite*

*Rock Co. v. Int'l Bhd. of Teamsters*, 561 U.S. 287, 297 (2010) ("To satisfy itself that such agreement exists, the court must resolve any issue that calls into question the formation or applicability of the specific arbitration clause that a party seeks to have the court enforce." (citation omitted)).

"A party cannot be compelled to arbitrate if an arbitration clause does not bind the party." *Ralph Andrews Prods., Inc. v. Writers Guild of Am., W.*, 938 F.2d 128, 130 (9th Cir. 1991) (citation omitted) (reversing in part and ordering district court to vacate arbitration award against individual non-signatory); *accord John Wiley & Sons, Inc. v. Livingston*, 376 U.S. 543, 547 (1964) (recognizing if a party "has no obligation to arbitrate issues which it has not agreed to arbitrate, [] a fortiori, it cannot be compelled to arbitrate if an arbitration clause does not bind it at all"); *Bel-Ray Co. v. Chemrite (Pty) Ltd.*, 181 F.3d 435, 444 (3d Cir. 1999) (citation omitted) ("If a party has not agreed to arbitrate, the courts have no authority to mandate that he do so.").

Under Delaware law, which governs the Shareholder Agreement, "[a] nonsignatory to a contract cannot be bound by an arbitration clause unless 'traditional principles of contract and agency law' equitably confer upon that party signatory status with regard to the underlying agreement." *BuzzFeed, Inc. v. Anderson*, No. 2022-0357-MTZ, 2022 WL 15627216, at *8 (Del. Ch. Oct. 28, 2022) (quoting *NAMA Holdings, LLC v. Related World Mkt. Ctr., LLC*, 922 A.2d 417, 430 (Del. Ch. 2007)) (holding non-signatory to agreement containing arbitration provision could not be compelled to arbitrate).

"Courts have 'recognized five theories for binding nonsignatories to arbitration agreements: 1) incorporation by reference; 2) assumption; 3) agency; 4) veil-piercing/alter ego; and 5) estoppel.'" *Id.* (quoting *Thomson-CSF, S.A. v. Am. Arb. Ass'n*, 64 F.3d 773, 776 (2d Cir. 1995)). The Individual Plaintiffs did not sign and are not parties to the Shareholder Agreement or the arbitration provision within the Shareholder Agreement. *See* Compl. ¶¶ 27–30; Davis Decl., ¶ 3; B. Roland Decl., ¶ 3; G. Roland Decl., ¶ 3; *see also NAMA Holdings, LLC*, 922 A.2d at 430

(explaining that because dispute involved "a signatory . . . and a non-signatory, third-party beneficiary, . . . the court must examine a more fundamental question—namely, whether or not the arbitration provision of the Venture Agreement can be interpreted, consistent with basic principles of contract and equity, in such a way as to reasonably conclude that [the non-signatory] voluntarily consented to submit the present disputes to arbitration"). Therefore, none of the Individual Plaintiffs can be compelled to arbitrate unless an equitable basis exists to confer signatory status on the Individual Plaintiffs. *See id.* at 433 (concluding "defendants cannot, either under equitable estoppel or because of [the non-signatory]'s third-party beneficiary status, compel [the non-signatory] to arbitrate"); *see also BuzzFeed, Inc.*, 2022 WL 15627216, at *8 (citation omitted).

In their Motion to Dismiss, Defendants argue documents other than the Shareholder Agreement—the Stockholder Consent, the Capitalization Table, or a subscription agreement—somehow bind the Individual Plaintiffs to the arbitration provision in the Shareholder Agreement, presumably through a combination of incorporation by reference and agency. *See* Mot. to Dismiss [ECF No. 36] at 15–16. But for incorporation by reference to apply, the non-signatory must enter into a separate contract that "incorporates the existing arbitration clause" with the party trying to enforce the arbitration agreement. *Thomson-CSF, S.A.*, 64 F.3d at 777 (citations omitted). Here, the Stockholder Consent ***was not entered into by any of the Individual Plaintiffs***. *See, e.g.*, Stockholder Consent [ECF No. 36-7] at TD0000603 to -608; *see also id.* at TD0000509 ("The Stockholder Consent was sent to Mr. Glenn Roland to sign ***on behalf of*** The Roland Family Support Trust." (emphasis added)).

Similarly, certain trusts, and not any of the Individual Plaintiffs in their individual capacities, entered into the subscription agreement. *See, e.g.*, Suppl. Decl. of Steven E. Bledsoe ¶ 3 (referencing "a Subscription Agreement bearing the signature of Glenn Roland ***for the Roland Family Support Trust***" (emphasis added);

- 16 -

*id.* ¶ 4 (referencing "a Subscription Agreement bearing the signature of Brent Roland *for the Roland Family Trust*" (emphasis added)).

In passing, Defendants argue that the Individual Plaintiffs are equitably estopped from contesting the arbitration provision in the Shareholder Agreement— even though they are not signatories to the Shareholder Agreement—under a "direct benefits" theory. Mot. to Dismiss [ECF No. 36] at 19. Defendants' argument is fundamentally flawed because there is nothing to suggest, let alone establish, that any of the Individual Plaintiffs derived any direct benefit as a result of three separate, legally distinct entities–the trusts–holding Kadenwood shares.

As an initial matter, Defendants' reliance on California law is misplaced because Delaware law governs the Shareholder Agreement. *See* Shareholder Agreement § 11.8. Delaware courts recognize that "[a] non-signatory to a contract cannot be bound by an arbitration clause unless 'traditional principles of contract and agency law' equitably confer upon that party signatory status with regard to the underlying agreement." *NAMA Holdings, LLC*, 922 A.2d at 430 (citation omitted).

The defendants in *NAMA Holdings* failed to persuade the Delaware court that non-signatories should be compelled to arbitrate under "a third-party beneficiary theory and an estoppel theory[.]" *Id.* at 430–31 (citations omitted). The court found that although NAMA qualified as a third-party beneficiary, it nevertheless did not come within the scope of the arbitration provision, and further concluded it did not derive any "direct, rather than indirect, benefit" from the underlying agreement sufficient to invoke the estoppel theory. *Id.* at 432–33 (citations omitted) (reasoning "[o]ther courts have held that such indirect benefit under a contract is an insufficient basis on which to invoke an equitable estoppel theory to bind a non-signatory to an arbitration clause of a contract, and the court sees no reason to deviate from those decisions").

Under Delaware law, which places a premium on respecting the corporate form and business relationships, even having an employment relationship with an

entity is insufficient to conclude an individual has "directly benefitted" from that entity's contracts. *BuzzFeed, Inc.*, 2022 WL 15627216, at *11 ("Defendants have not shown [the employer's officers and director] received any direct benefit from the Employment Agreements that can bind them through estoppel principles."). Defendants' description of the ***benefits to the trusts or other shareholders*** of Kadenwood—and not to the Individual Plaintiffs—do not constitute a direct benefit to the Individual Plaintiffs as a matter of law. *See id.*

Defendants have not established that any of the Individual Plaintiffs is a party to the Shareholder Agreement, or that they are signatories to the arbitration provision within the Shareholder Agreement. *See Field Intel. Inc v. Xylem Dewatering Sols. Inc*, 49 F.4th 351, 357 (3d Cir. 2022) (citation omitted) (explaining "[w]e have held that this [severability] doctrine 'presumes an underlying, existent[ ] agreement,'" and "does not apply where, as here, the existence of the parties' arbitration agreement has been challenged"). Defendants' contention that the Individual Plaintiffs are equitably estopped from raising the dispositive issue that they are not parties to the Shareholder Agreement and never agreed to arbitrate any dispute with Defendants is meritless under controlling Delaware law.

Because the Individual Plaintiffs are not parties to the Shareholder Agreement, and are not named in their capacity as a legal representative of any alleged shareholder, they are not obligated to arbitrate any dispute with Defendants. On this record, the Individual Plaintiffs are likely to prevail on the merits of their claims.

**B.** **The Individual Plaintiffs Will Suffer Irreparable Harm Absent a Preliminary Injunction.**

Absent a preliminary injunction, the Individual Plaintiffs will suffer the harm of being forced to participate in the Arbitration despite never consenting to arbitrate any dispute. "Forcing a party to submit to arbitration, when it did not agree to do so, constitutes ***per se*** irreparable harm." *Ingram Micro*, 2014 WL 3721197, at *4 (emphasis added); *see also, e.g., Oppenheimer & Co. Inc. v. Mitchell*, No. 23-cv-

00067-MJP, 2023 WL 2428404, at *6 (W.D. Wash. Mar. 9, 2023) (granting motion for preliminary injunction and enjoining arbitration because irreparable injury would occur "even if the arbitration award can be set aside"); *Pension Plan for Pension Tr. Fund for Operating Engineers v. Weldway Constr., Inc.*, 920 F.Supp.2d 1034, 1049 (N.D. Cal. 2013) (granting motion for preliminary injunction and enjoining arbitration) (collecting cases).

Because Defendants are attempting to force the Individual Plaintiffs to participate in the Arbitration without their consent, they will suffer irreparable harm unless the Court issues the requested preliminary injunction. These circumstances satisfy the irreparable harm prong.

**C.    The Balance of Hardships Favors an Injunction.**

In balancing the parties' respective hardships, "[t]he court must identify the harms that a preliminary injunction may cause to Defendants, and weigh those harms against Plaintiffs' threatened injury." *Pension Plan*, 920 F.Supp.2d at 1049. Here, the balance of hardships weighs in favor of the Individual Plaintiffs because the harm stemming from the Individual Plaintiffs being forced to proceed in the Arbitration outweighs any harm alleged by Defendants.

Courts have held that "[f]orcing a party to engage in arbitration where that party is not bound to arbitrate serves no equitable purpose." *Oppenheimer*, 2023 WL 2428404, at *6. Any award that would be rendered in the Arbitration would be promptly challenged, and subject to being vacated, on the grounds that there is no arbitration agreement as detailed *supra* in Section IV.A. *See OppenheimerFunds Distrib., Inc. v. Liska*, No. 11-cv-01586-BEN-WMC, 2011 WL 5984036, at *5 (S.D. Cal. Nov. 28, 2011) (citations omitted) ("If a preliminary injunction were not granted, OFDI would be forced to spend time and resources to defend itself in an arbitration proceeding to which it may later be determined to not have been a proper party."). Accordingly, there is "no countervailing benefit [Defendants] would gain from proceeding with an arbitration when the award, if any, is so likely to be vacated."

*Morgan Keegan & Co. v. McPoland*, 829 F.Supp.2d 1031, 1036 (W.D. Wash. 2011) (granting motion for preliminary injunction enjoining arbitration); *see also, e.g.*, *Charles Schwab & Co. v. Reaves*, No. 09-cv-02590-PHX-MHM, 2010 WL 447370, at *8 (D. Ariz. Feb. 4, 2010) ("Allowing Defendants to proceed with arbitration would benefit them in no way because the arbitration award would ultimately have to be set aside by the Court. Thus, the balance of equities favors granting the injunction to prevent arbitration."); *Ingram Micro*, 2014 WL 3721197, at *5 (citing *Charles Schwab*).

Moreover, Defendants will not be prejudiced by an injunction because any relief they seek against the Individual Plaintiffs could be pursued in court. *See, e.g.*, *Pension Plan*, 920 F.Supp.2d at 1049 ("Defendants have not put forward any argument why they will endure any hardship establishing their defenses in court as opposed to in an arbitral forum."); *Ingram Micro*, 2014 WL 3721197, at *5 (no hardship for litigating in court); *cf. AT&T Mobility LLC v. Bernardi*, No. 11-cv-04412, 2011 WL 5079549, at *12 (N.D. Cal. Oct. 26, 2011) (preliminarily enjoining arbitrations where injunction "does not leave [defendants] completely without recourse" to prompt regulatory agencies to investigate).

If the Arbitration is not preliminarily enjoined, the Individual Plaintiffs will suffer the irreparable harm attendant to being forced to engage in an unconsented-to Arbitration, and the only benefit would be an illusory arbitration award that would be challenged and vacated. Conversely, Defendants would suffer no appreciable harm. Balancing the hardships, the equities favor the entry of a preliminary injunction.

### D. Public Interest Favors an Injunction.

Finally, public interest considerations favor enjoining the Arbitration. "There is no public interest in compelling [the party seeking an injunction] to arbitrate if it does not have to." *Oppenheimer*, 2023 WL 2428404, at *7. While the FAA favors arbitration, "[t]he Ninth Circuit has held that . . . this policy is inapposite when

considering whether a particular party is bound by an arbitration agreement." *Ingram Micro*, 2014 WL 3721197, at *5 (citing *Comer v. Micor, Inc.*, 436 F.3d 1098, 1104 n.11 (9th Cir. 2006)); *accord Comedy Club, Inc. v. Improv W. Assocs.*, 553 F.3d 1277, 1287 (9th Cir. 2009) ("'The strong public policy in favor of arbitration does not extend to those who are not parties to an arbitration agreement....'" (citations omitted)).

Furthermore, the public interest in promoting judicial economy would be undermined if the Arbitration were permitted to continue, as it would only "lead to further proceedings in this Court to vacate an award." *Morgan Keegan*, 829 F.Supp.2d at 1037. Because the Individual Plaintiffs have not agreed to arbitration, there is no public interest in requiring them to participate in the Arbitration.

### E. The Court Should Not Require a Bond.

Pursuant to Federal Rule of Civil Procedure 65(c), this Court "may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." A bond, however, is not mandatory: "'[t]he district court may dispense with the filing of a bond when it concludes there is no realistic likelihood of harm to the defendant from enjoining his or her conduct.'" *Johnson v. Couturier*, 572 F.3d 1067, 1086 (9th Cir. 2009) (quoting *Jorgensen v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003)).

Courts exercising their discretion to preliminarily enjoin an arbitration have frequently held that no bond is required because there are no realistic harms associated with an injunction. *See, e.g.*, *Oppenheimer*, 2023 WL 2428404, at *7 (enjoining arbitration and finding no bond necessary); *Morgan Keegan*, 829 F.Supp.2d at 1037 (same); *AT&T Mobility*, 2011 WL 5079549, at *13 (same).

Because there is no realistic likelihood of harm to Defendants that is attributable to enjoining the Arbitration, this Court should not require the Individual Plaintiffs to post a bond.

- 21 -

## V.   **CONCLUSION**

Based on the facts, the uncontroverted evidence, and the law, the Individual Plaintiffs request that the Court grant this Motion and enter a preliminary injunction enjoining Defendants from prosecuting the Arbitration or any other arbitration against the Individual Plaintiffs on the basis of the arbitration provision contained within the Shareholder Agreement.

Dated:  May 6, 2026.

SQUIRE PATTON BOGGS (US) LLP

By: /s/ *Marisol C. Mork*
      Marisol C. Mork
      Hannah J. Makinde

*Attorneys for Plaintiffs Brent Roland and Glenn Roland*

MOYES SELLERS & HENDRICKS LTD.

By: /s/ *Cody J. Jess*

Cody J. Jess (*pro hac vice*)
Natalya Ter-Grigoryan (*pro hac vice*)
cjess@law-msh.com
ntg@law-msh.com
1850 N. Central Ave., #1100
Phoenix, Arizona 85004
Telephone:  +1 602 604 2141

*Attorneys for Plaintiffs Mobile Force Investments, LLC and Bradley E. Davis*

## L.R. 11-6.2. CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiffs, certifies that this brief contains 4,768 words, which complies with the word limit of L.R. 11-6.1.

Dated:  May 6, 2026.

SQUIRE PATTON BOGGS (US) LLP

By: /s/ *Marisol C. Mork*
    Marisol C. Mork
    Hannah J. Makinde

*Attorneys for Plaintiffs Brent Roland and Glenn Roland*

MOYES SELLERS & HENDRICKS LTD.

By: /s/ *Cody J. Jess*

Cody J. Jess (*pro hac vice*)
Natalya Ter-Grigoryan (*pro hac vice*)
cjess@law-msh.com
ntg@law-msh.com
1850 N. Central Ave., #1100
Phoenix, Arizona 85004
Telephone:  +1 602 604 2141

*Attorneys for Plaintiffs Mobile Force Investments, LLC and Bradley E. Davis*