Marisol C. Mork (State Bar No. 265170)
Hannah J. Makinde (State Bar No. 307907)
marisol.mork@squirepb.com
hannah.makinde@squirepb.com
SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, CA 90071
Telephone:  +1 213 624 2500

*Attorneys for Plaintiffs Brent Roland and Glenn Roland*

*Additional counsel listed on signature page*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOBILE FORCE INVESTMENTS, LLC, an Arizona limited liability company, BRADLEY E. DAVIS, BRENT ROLAND, and GLENN ROLAND, | Case No.  2:26-cv-02070-MEMF-DFM |
| Plaintiffs, | **INDIVIDUAL PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION ENJOINING ARBITRATION** |
| v. | Date:  June 18, 2026 |
| BRIAN NEWBERRY, THE NEWBERRY FAMILY TRUST, GLENN RUSSELL, THE LAURA & GLENN RUSSELL REVOCABLE TRUST, ERIC JOHNSON, TWIN HARBORS LLLP, a Nevada limited-liability limited partnership, and ELYSIUM MANAGEMENT, LLC, a California limited liability corporation. | Time: 10:00 AM Place: First Street U.S. Courthouse Courtroom 8B 350 West 1st Street Los Angeles, CA 90012 |
| | Complaint Filed: February 26, 2026 |
| Defendants. | |

## **TABLE OF CONTENTS**

I.  Introduction ................................................................................................. 5

II. Argument ...................................................................................................... 7

    A.  The Individual Plaintiffs Are Likely to Succeed on the Merits Because They Are Not Bound by Any Arbitration Agreement. .......................... 7

        1.  Whether there is an Arbitration Agreement Between the Individual Plaintiffs and Defendants Is a Question for the Court Regardless of Any Delegation Clause. ....................................... 7

        2.  The Individual Plaintiffs Are Not Parties to the Shareholder Agreement. ................................................................................. 9

        3.  The Individual Plaintiffs Are Not Equitably Estopped from Refusing to Arbitrate in These Circumstances. ......................... 10

    B.  The Individual Plaintiffs Will Suffer Irreparable Harm Absent a Preliminary Injunction. .................................................................... 12

    C.  The Balance of Hardships Favors an Injunction. ............................... 14

    D.  Public Interest Favors an Injunction. ................................................. 15

III. Conclusion ................................................................................................. 16

REPLY IN SUPPORT OF INDIVIDUAL PLAINTIFFS' MOTION
FOR PRELIMINARY INJUNCTION TO ENJOIN ARBITRATION

## TABLE OF AUTHORITIES

**Page(s)**

### CASES

*Ahlstrom v. DHI Mortg. Co., Ltd., L.P.*,
   21 F.4th 631 (9th Cir. 2021) .......................................................................... 7, 8

*Arthur Andersen LLP v. Carlisle*,
   556 U.S. 624 (2009) ....................................................................................... 11

*AT&T Mobility LLC v. Bernardi*,
   No. 11-cv-04412, 2011 WL 5079549 (N.D. Cal. Oct. 26, 2011) ..................... 15

*Buckeye Check Cashing, Inc. v. Cardegna*,
   546 U.S. 440 (2006) ......................................................................................... 8

*BuzzFeed, Inc. v. Anderson*,
   No. 2022-0357-MTZ, 2022 WL 15627216 (Del. Ch. Oct. 28, 2022)............... 10

*Camping Constr. Co. v. District Council*,
   915 F.2d 1333 (9th Cir. 1990)......................................................................... 13

*CFO Rick Inc v. Young*,
   No. 25-cv-09896-EMC, 2026 WL 440436 (N.D. Cal. Feb. 17,
   2026) ..........................................................................................................6, 14

*Comedy Club, Inc. v. Improv W. Assocs.*,
   553 F.3d 1277 (9th Cir. 2009)......................................................................... 15

*Comer v. Micor, Inc.*,
   436 F.3d 1098 (9th Cir. 2006)......................................................................... 15

*E.I. DuPont de Nemours & Co. v. Rhone Poulenc Fiber & Resin
   Intermediates, S.A.S.*,
   269 F.3d 187 (3d Cir. 2001) ............................................................................ 10

*Granite Rock Co. v. Int'l Bhd. of Teamsters*,
   561 U.S. 287 (2010) ......................................................................................... 7

*Herrera v. Cathay Pac. Airways Ltd.*,
   104 F.4th 702 (9th Cir. 2024).......................................................................... 11

REPLY IN SUPPORT OF INDIVIDUAL PLAINTIFFS' MOTION
FOR PRELIMINARY INJUNCTION TO ENJOIN ARBITRATION

*Ingram Micro Inc. v. Signeo Int'l, Ltd.*,
   No. 13-cv-01934-DOC, 2014 WL 3721197 (C.D. Cal. July 22,
   2014) ........................................................................................................ 6, 15

*JSM Tuscany, LLC v. Super. Ct.*,
   193 Cal. App. 4th 1222 (2011) ................................................................... 11

*Metalclad Corp. v. Ventana Env't Org. P'ship*,
   109 Cal. App. 4th 1705 (2003) ................................................................... 11

*NAMA Holdings, LLC v. Related World Mkt. Ctr., LLC*,
   922 A.2d 417 (Del. Ch. 2007) .................................................................... 10

*Oppenheimer & Co. Inc. v. Mitchell*,
   No. 23-cv-00067-MJP, 2023 WL 2428404 (W.D. Wash. Mar. 9,
   2023) ...................................................................................................... 12, 14

*Pension Plan for Pension Tr. Fund for Operating Engineers v.
   Weldway Constr., Inc.*,
   920 F.Supp.2d 1034 (N.D. Cal. 2013) .................................................. 12, 14

*Rent-A-Center, West, Inc. v. Jackson*,
   561 U.S. 63 (2010) ....................................................................................... 8

*World Grp. Sec. v. Tiu*,
   No. 03-cv-02609-NM-SHSX, 2003 WL 26119461 (C.D. Cal. July
   22, 2003) ..................................................................................................... 13

**STATUTES**

Norris–LaGuardia Act, 29 U.S.C. §§ 101–115 ........................................... 13

REPLY IN SUPPORT OF INDIVIDUAL PLAINTIFFS' MOTION
FOR PRELIMINARY INJUNCTION TO ENJOIN ARBITRATION

## I.   **INTRODUCTION**

In the Motion for Preliminary Injunction ("Motion") [ECF No. 50], the Individual Plaintiffs[1] established all four requirements for a preliminary injunction. *First*, the Individual Plaintiffs are likely to prevail on the merits because they never signed the Shareholder Agreement or any agreement to arbitrate in their individual capacities, and are not bound by the arbitration provision within the Shareholder Agreement.  *Second*, courts in the Ninth Circuit have held that forcing a party to submit to an arbitration to which it did not agree constitutes per se irreparable harm. *Third*, a balance of the potential hardships favors a preliminary injunction because Defendants would suffer no prejudice in proceeding in this Court as opposed to expending time and financial resources on an arbitration award that would ultimately be vacated.  *Fourth*, the public interest favors a preliminary injunction rather than forcing a party to participate in arbitration without consent, which would lead only to further court proceedings to vacate any eventual award.

Defendants' Opposition [ECF No. 52] does not rebut any of these requirements.  On the merits of the dispute, Defendants continue to falsely assert the Individual Plaintiffs signed a document that indicates each of them is a party to the Shareholder Agreement.  In fact, the Individual Plaintiffs signed only in their capacity as trustees on behalf of trusts. Defendants have not identified any authority to support the contention that executing a document in a representative capacity binds the Individual Plaintiffs in their individual capacities as well, and the Individual Plaintiffs have not independently located any such authority.  Defendants' argument regarding equitable estoppel relies on inapplicable California law, and conspicuously fails to address the dispositive Delaware authority foreclosing the application of equitable estoppel to agent signatories.  Defendants' reliance on the delegation clause in the Shareholder Agreement also ignores on-point decisions from the Ninth Circuit and the Supreme Court.

---

[1] Capitalized terms have the same meaning as in the Motion.

REPLY IN SUPPORT OF INDIVIDUAL PLAINTIFFS' MOTION
FOR PRELIMINARY INJUNCTION TO ENJOIN ARBITRATION

With respect to irreparable harm, Defendants again present only specious, unsupported arguments.  Defendants' suggestion that there is no irreparable harm because JAMS has not yet appointed an arbitrator or set a schedule flies in the face of authority recognizing that the Individual Plaintiffs will suffer irreparable harm *per se* by being required to proceed in JAMS notwithstanding the absence of a binding agreement to arbitrate.  Moreover, Defendants incorrectly assert that their own Motion to Compel Arbitration means the present Motion for Preliminary Injunction is unnecessary, even though courts in similar circumstances have recognized that an opposition to a motion to compel arbitration is not functionally equivalent to a preliminary injunction motion, and that a preliminary injunction motion must be presented separately.  *See, e.g.*, *CFO Rick Inc v. Young*, No. 25-cv-09896-EMC, 2026 WL 440436, at *10 (N.D. Cal. Feb. 17, 2026) (denying motion to compel arbitration but declining to issue preliminary injunction because moving party did not request to enjoin in separate motion).

With respect to the balance of equities, Defendants' opposition provides no caselaw and ignores the fundamental point made in the Individual Plaintiffs' Motion: Defendants will not suffer any harm if the Court enters a preliminary injunction because Defendants would remain able to pursue any claim in court.

Finally, Defendants' argument regarding public policy relies exclusively on the Federal Arbitration Act's policy enforcing written arbitration agreements.  But "[t]he Ninth Circuit has held that . . . this policy is ***inapposite*** when considering whether a particular party is bound by an arbitration agreement." *Ingram Micro Inc. v. Signeo Int'l, Ltd.*, No. 13-cv-01934-DOC, 2014 WL 3721197, at *5 (C.D. Cal. July 22, 2014) (emphasis added).  The heart of this case is that the Individual Plaintiffs are not parties to the arbitration provision because they are not parties to the Shareholder Agreement.  Consequently, public policy does not support an arbitration between the Individual Plaintiffs and Defendants.

REPLY IN SUPPORT OF INDIVIDUAL PLAINTIFFS' MOTION
FOR PRELIMINARY INJUNCTION TO ENJOIN ARBITRATION

For the foregoing reasons, and as detailed more fully in the Motion and below, this Court should enter a preliminary injunction enjoining Defendants from proceeding with the Arbitration against the Individual Plaintiffs.

## II. ARGUMENT

This Court should enter a preliminary injunction because the Individual Plaintiffs have satisfied each of the four requirements for injunctive relief.

### A. The Individual Plaintiffs Are Likely to Succeed on the Merits Because They Are Not Bound by Any Arbitration Agreement.

1. Whether there is an Arbitration Agreement Between the Individual Plaintiffs and Defendants Is a Question for the Court Regardless of Any Delegation Clause.

The Individual Plaintiffs are likely to succeed on the merits of the Complaint because no arbitration agreement exists between the Individual Plaintiffs and Defendants. *See* PI Mot. [ECF No. 50] at 14–18 (citing *inter alia Granite Rock Co. v. Int'l Bhd. of Teamsters*, 561 U.S. 287, 297 (2010)).   In their Opposition, Defendants contend that because the Shareholder Agreement contains a delegation clause—which purports to give exclusive jurisdiction to JAMS to decide the scope, applicability, or termination of the Shareholder Agreement—the issue of whether an arbitration agreement exists must be decided by JAMS and not this Court. *See* PI Opp. [ECF No. 52] at 11–13.  Defendants' argument is unpersuasive because it contravenes binding Supreme Court and Ninth Circuit law.

As the Ninth Circuit has held, "parties cannot delegate issues of formation to the arbitrator." *Ahlstrom v. DHI Mortg. Co., Ltd., L.P.*, 21 F.4th 631, 635 (9th Cir. 2021).  Instead, when a plaintiff "challenge[s] the very existence of an agreement to arbitrate, the district court [is] required to address [plaintiff's] challenge and determine whether an agreement existed." *Id.* (citing *Granite Rock*, 561 U.S. at 299–300).  In *Ahlstrom*, the Ninth Circuit reversed the district court's order compelling arbitration based on a delegation clause that provided the arbitrator "shall have exclusive authority to resolve any dispute relating to the formation, enforceability, applicability, or interpretation of this [agreement]." *Id.* at 634, 636–37.

The *Rent-A-Center* case on which Defendants rely does not hold otherwise. That case **explicitly** did not address whether an arbitration agreement was ever formed between the parties. In *Rent-A-Center*, the party resisting arbitration undisputably signed the arbitration agreement as part of his employment process. 561 U.S. 63, 65–66 (2010). His challenge to the arbitration agreement was that it was unconscionable under state law, and the Supreme Court held the delegation clause in the agreement delegated questions of unconscionability to the arbitrator. *See id.* at 68 ("The current 'controversy' between the parties is whether the Agreement is unconscionable. It is the second provision, which delegates resolution of that controversy to the arbitrator, that Rent–A–Center seeks to enforce."). Footnote two of *Rent-A-Center* expressly states the Supreme Court's opinion does not apply to the issue of whether an agreement was ever formed between the parties. *See id.* at 70 n.2 (citing *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 444 n.1 (2006)). And the Court was clear in *Buckeye Check Cashing* that issues of formation include "whether the alleged obligor ever signed the contract" and "whether the signor lacked authority to commit the alleged principal." 546 U.S. at 444 n.1. The controversy between the parties is clearly one of contract formation, not unconscionability: the arbitration agreement in the Shareholder Agreement is not enforceable as to the Individual Plaintiffs because they are not parties to the arbitration agreement and never agreed to arbitrate with Defendants.

Because the Individual Plaintiffs are not parties to the Shareholder Agreement, any delegation provision in the Shareholder Agreement is not a basis to compel arbitration against the Individual Plaintiffs. *See, e.g.*, *Ahlstrom*, 21 F.4th at 635. Indeed, the arbitration provision in § 11.9 of the Shareholder Agreement refers to a dispute "between the **parties hereto**," and provides "the **parties** shall submit the Dispute to" arbitration. [ECF No. 1-1] (emphases added.) The fact that the Individual Plaintiffs are not parties to the arbitration agreement inherently means they did not agree to any delegation clause.

2.    The Individual Plaintiffs Are Not Parties to the Shareholder Agreement.

As established in the Motion, the Individual Plaintiffs were not shareholders in Kadenwood and signed the Shareholder Agreement or any other document, if at all, only as an agent of an entity shareholder in that representative capacity.  *See* PI Mot. [ECF No. 50] at 8–9.  This does not give rise to personal liability on the part of any of the Individual Plaintiffs.  Defendants nevertheless continue to falsely assert that the Individual Plaintiffs "signed as [] CONTROLLING SHAREHODLERS," PI Opp. [ECF No. 52] at 13, even though the Stockholder Consent clearly shows otherwise:

**The Bradley E. Davis Trust UTA dated 1-1-2014**

By: *Brad Davis*
Name:  Brad Davis
Title:    Partner
Total shares:  3,391,817

**The Roland Family Support Trust**

By: *Brent Roland*
Name:  Brent Roland
Title:    Trustee
Total shares:  714,367

**Roland Family Trust**

By: *Brent Roland*
Name:  Brent Roland
Title:    Trustee
Total shares:  2,688,300

Stockholder Consent [ECF No. 36-7] at TD0000604.

Without citing any caselaw in support, Defendants contend naming the Individual Plaintiffs as respondents in their individual capacities in the Arbitration "is essential to ensuring that any arbitral award ***is enforceable against*** both the

REPLY IN SUPPORT OF INDIVIDUAL PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION TO ENJOIN ARBITRATION

***Individual Plaintiffs personally*** and the trust assets over which they exercise fiduciary control." PI Opp. [ECF No. 52] at 15 (emphases supplied). This position is refuted by ample caselaw, and Defendants' admission that they named the Individual Plaintiffs in their individual capacities so that Defendants could pursue the Individual Plaintiffs' personal assets—and not any trust property—is a shocking disregard to important distinctions between legal persons. Moreover, Defendants' ill-advised strategy is completely irrelevant to the question before the Court: whether the Individual Plaintiffs are parties to the arbitration agreement in their individual capacities. Beyond providing a false description of the Shareholder Agreement and Stockholder Consent, Defendants have put forth no evidence or legal authorities establishing the Individual Plaintiffs are parties to the arbitration agreement.

3. <u>The Individual Plaintiffs Are Not Equitably Estopped from Refusing to Arbitrate in These Circumstances.</u>

As demonstrated in the Motion, under the applicable Delaware law, a non-signatory to a contract is not bound by an arbitration agreement by virtue of being an agent for a signatory. *See* Mot. [ECF No. 50] at 17–18. While Delaware courts have a limited doctrine of equitable estoppel where the non-signatory "directly benefitted" from the agreement, an agent's benefit to its principal is not a direct benefit. *See, e.g.*, *BuzzFeed, Inc. v. Anderson*, No. 2022-0357-MTZ, 2022 WL 15627216, at *8 (Del. Ch. Oct. 28, 2022); *see also NAMA Holdings, LLC v. Related World Mkt. Ctr., LLC*, 922 A.2d 417, 432–33 (Del. Ch. 2007); *E.I. DuPont de Nemours & Co. v. Rhone Poulenc Fiber & Resin Intermediates, S.A.S.*, 269 F.3d 187, 197–202 (3d Cir. 2001) (non-signatory could not be compelled to arbitrate under third-party beneficiary, agency, or estoppel theories even though non-signatory negotiated the agreement).

In their Opposition, Defendants do not—and legitimately could not— identify a single benefit that the Individual Plaintiffs received in their individual capacities, and thus cannot show a "direct benefit" under Delaware law. *See* PI Opp. [ECF No. 52] at 16–17. Defendants do not even attempt to address the applicable Delaware law cited by Plaintiffs. *See id.* Instead, Defendants rely on cases applying California

- 10 -

law that are legally irrelevant and factually distinguishable.  *See id.* (citing *Arthur Andersen LLP v. Carlisle*, 556 U.S. 624 (2009); *Herrera v. Cathay Pac. Airways Ltd.*, 104 F.4th 702 (9th Cir. 2024); *JSM Tuscany, LLC v. Super. Ct.*, 193 Cal. App. 4th 1222 (2011); *Metalclad Corp. v. Ventana Env't Org. P'ship*, 109 Cal. App. 4th 1705 (2003)).

*Arthur Andersen LLP* addressed "whether appellate courts have jurisdiction under § 16(a) [of the FAA] to review denials of stays requested by litigants who were not parties to the relevant arbitration agreement."  556 U.S. at 625–26.  *Herrera* articulated the standard of review governing appeals from the denial of a motion to compel arbitration filed by a non-signatory against a signatory.  104 F.4th at 704. Neither case applies here, where Defendants, as signatories, are attempting to enforce arbitration against non-signatories.

In *JSM Tuscany, LLC*, the court held non-signatory plaintiffs, whose claims were so intertwined with many other signatory plaintiffs' claims, were compelled to arbitrate their claims *because their claims* "relie[d] on contract terms." 193 Cal. App. 4th at 1239.  Unlike the plaintiffs in *JSM Tuscany, LLC*, the Individual Plaintiffs have not brought any claims against Defendants, let alone claims based on the Shareholder Agreement.  Rather, the Individual Plaintiffs seek to enjoin Defendants from pursuing Defendants' claims against them in an arbitration forum to which they never agreed.  Similarly, *Metalclad Corp.* applied equitable estoppel to a *signatory's* breach of contract claim against a non-signatory because the claim "could not be more 'intimately founded in and intertwined with' the underlying [] contract." 109 Cal. App. 4th at 1717.  Notably, the *non-signatory* in *Metalclad Corp.* moved to compel arbitration, claiming equitable principles precluded the signatory from avoiding the arbitration of claims arising out of an agreement between the signatory and the non-signatory's subsidiary, and the appellate court agreed.  *See id.*  Thus, the courts' rationale in *JSM Tuscany, LLC* and *Metalclad Corp.* are inapposite here.

REPLY IN SUPPORT OF INDIVIDUAL PLAINTIFFS' MOTION
FOR PRELIMINARY INJUNCTION TO ENJOIN ARBITRATION

Because the Individual Plaintiffs are not parties to the arbitration agreement, and are not equitably estopped under Delaware law from raising that issue, they are not obligated to arbitrate any dispute with Defendants. Defendants' disagreement on this point warrants granting injunctive relief, because the Individual Plaintiffs are likely to succeed on the merits of the Complaint.

**B.      The Individual Plaintiffs Will Suffer Irreparable Harm Absent a Preliminary Injunction.**

As explained in the Motion, "[f]orcing a party to submit to arbitration, when it did not agree to do so, constitutes *per se* irreparable harm." PI Mot. [ECF No. 50] at 18–19 (quoting *Ingram Micro Inc. v. Signeo Int'l, Ltd.*, No. 13-cv-01934-DOC, 2014 WL 3721197, at *4 (C.D. Cal. July 22, 2014) (citations omitted) (emphasis added)); *see also, e.g.*, *Oppenheimer & Co. Inc. v. Mitchell*, No. 23-cv-00067-MJP, 2023 WL 2428404, at *6 (W.D. Wash. Mar. 9, 2023) (granting motion for preliminary injunction and enjoining arbitration because irreparable injury would occur "even if the arbitration award can be set aside"); *Pension Plan for Pension Tr. Fund for Operating Engineers v. Weldway Constr., Inc.*, 920 F.Supp.2d 1034, 1049 (N.D. Cal. 2013) (granting motion for preliminary injunction and enjoining arbitration) (collecting cases).

Despite the existence of "per se" harm, Defendants argue there is no irreparable harm because the arbitral body, JAMS, has "not yet agreed to administer" the arbitration. PI Opp. [ECF No. 52] at 19. Critically, Defendants provide no caselaw supporting the purported significance of whether the arbitral body has set a procedural schedule. The critical point is that the Individual Plaintiffs are being made to participate in an arbitration and incur costs, and have already had to submit several filings. *See, e.g.*, Pls.' Obj. to JAMS Jurisdiction [ECF No. 1-3].

The caselaw recognizing *per se* harm in this exact circumstance conclusively defeats Defendants' inaccurate assertion that "Courts in the Ninth Circuit consistently hold that having to arbitrate a dispute does not constitute irreparable harm where the resulting award remains subject to judicial review." PI Opp. [ECF

REPLY IN SUPPORT OF INDIVIDUAL PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION TO ENJOIN ARBITRATION

No. 52] at 19.  In the *Camping Construction* case cited by Defendants, the Ninth Circuit held the district court erred in granting a preliminary injunction enjoining a labor arbitration because the Norris–LaGuardia Act, 29 U.S.C. §§ 101–115, deprives a district court of jurisdiction to enjoin any labor dispute.  915 F.2d 1333, 1350 (9th Cir. 1990).  In *dicta*, the Ninth Circuit held there would be no irreparable harm in part because a labor arbitration award "is not self-enforcing" and is legally treated "as a continuation of the collective-bargaining process" that can be subject to a new contract.  *Id.* at 1349.  The Arbitration at issue here is not a labor arbitration, and Defendants precisely seek an award to enforce against the Individual Plaintiffs personally.  *See* PI Opp. [ECF No.52] at 15.

Moreover, unlike *Camping Construction*, the Individual Plaintiffs here **never agreed** to arbitration, which is why having to arbitrate constitutes irreparable harm.  *See also, e.g.*, *World Grp. Sec. v. Tiu*, No. 03-cv-02609-NM-SHSX, 2003 WL 26119461, at *7 (C.D. Cal. July 22, 2003) (enjoining arbitration, and reasoning "courts have found irreparable injury where a party may be compelled to arbitrate a claim it did not agree to arbitrate" after recognizing [t]here is no agreement between Plaintiff and Defendant to arbitrate Defendant's claims, and Plaintiff has not consented to arbitration").

Confusingly, Defendants assert that there is no "emergency" for purposes of a preliminary injunction because Defendants themselves have moved to compel arbitration.  *See* PI Opp. [ECF No. 52] at 9–10.  Defendants' argument is based on the false premise that "[i]f the Court denies the motion [to compel arbitration], Plaintiffs will obtain through ordinary motion practice the very relief they seek by preliminary injunction."  *Id.* at 10.  In actuality, only this Court's granting of the Motion would enjoin Defendants from pursuing the Arbitration.  If this Court merely denied Defendant's Motion to Compel Arbitration, there would be no order compelling Defendants to desist with the Arbitration Defendants have already initiated.  Courts in similar circumstances have recognized that an opposition to a

REPLY IN SUPPORT OF INDIVIDUAL PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION TO ENJOIN ARBITRATION

motion to compel arbitration is not functionally equivalent to a preliminary injunction motion, and that an aggrieved party must separately move for a preliminary injunction. *See, e.g.*, *CFO Rick Inc v. Young*, No. 25-cv-09896-EMC, 2026 WL 440436, at *10 (N.D. Cal. Feb. 17, 2026) (denying motion to compel arbitration but declining to issue preliminary injunction because moving party did not request to enjoin in a separate motion).

Because Defendants are attempting to force the Individual Plaintiffs to participate in the Arbitration without their consent, the Individual Plaintiffs will suffer irreparable harm unless the Court issues the requested injunctive relief. These circumstances satisfy the irreparable harm prong.

### C.   The Balance of Hardships Favors an Injunction.

The Motion established that the balance of hardships weighs in favor of the Individual Plaintiffs because the harm stemming from forcing the Individual Plaintiffs to participate in the Arbitration outweighs any harm alleged by Defendants. PI Mot. [ECF No. 50] at 19–20. Defendants cannot credibly dispute that "[f]orcing a party to engage in arbitration where that party is not bound to arbitrate serves no equitable purpose." *Oppenheimer & Co. Inc. v. Mitchell*, No. 23-cv-00067-MJP, 2023 WL 2428404, at *6 (W.D. Wash. Mar. 9, 2023). Additionally, the Motion explained that Defendants "will not be prejudiced by an injunction because any relief they seek against the Individual Plaintiffs could be pursued in court." PI Mot. [ECF No. 50] at 20 (collecting cases).

Defendants' opposition does not provide any contrary caselaw, and the only prejudice Defendants claim they would suffer absent a preliminary injunction is that "[a]n injunction would prevent Defendants from pursuing more than $50 million in claims." PI Opp. [ECF No. 52] at 20. As already explained, however, Defendants would not be prevented from pursuing their claims against the Individual Plaintiffs, to the extent any valid claims exist. To the contrary, Defendants are free to make those claims in court. *See, e.g.*, *Pension Plan*, 920 F.Supp.2d at 1049 ("Defendants

REPLY IN SUPPORT OF INDIVIDUAL PLAINTIFFS' MOTION
FOR PRELIMINARY INJUNCTION TO ENJOIN ARBITRATION

have not put forward any argument why they will endure any hardship establishing their defenses in court as opposed to in an arbitral forum."); *Ingram Micro*, 2014 WL 3721197, at \*5 (no hardship for litigating in court); *cf. AT&T Mobility LLC v. Bernardi*, No. 11-cv-04412, 2011 WL 5079549, at \*12 (N.D. Cal. Oct. 26, 2011) (preliminarily enjoining arbitrations where injunction "does not leave [defendants] completely without recourse" to prompt regulatory agencies to investigate). To the extent Defendants would suffer any prejudice as a result of litigating their claims in court, it does not outweigh the hardship the Individual Plaintiffs would suffer by being forced to arbitrate absent any agreement to do so.

If the Arbitration is not preliminarily enjoined, the Individual Plaintiffs will suffer the irreparable harm attendant to being required to engage in a costly, unconsented-to Arbitration, and the only conceivable benefit to either set of parties would be an illusory arbitration award that would be challenged and vacated. Conversely, Defendants would suffer no appreciable harm.  Balancing these hardships, the equities favor the entry of a preliminary injunction.

## D.     Public Interest Favors an Injunction.

According to Defendants, the only public interest that warrants denying the Motion is that "[t]he Federal Arbitration Act embodies a strong federal policy favoring arbitration as an alternative to litigation." PI Opp. [ECF No. 52] at 20.  This public interest applies exclusively to situations involving the existence of a binding arbitration agreement.  "The Ninth Circuit has held that . . . this policy is inapposite when considering whether a particular party is bound by an arbitration agreement." PI Mot. [ECF No. 50] at 20–21 (quoting *Ingram Micro*, 2014 WL 3721197, at \*5 (citing *Comer v. Micor, Inc.*, 436 F.3d 1098, 1104 n.11 (9th Cir. 2006))); *accord Comedy Club, Inc. v. Improv W. Assocs.*, 553 F.3d 1277, 1287 (9th Cir. 2009) ("'The strong public policy in favor of arbitration does not extend to those who are not parties to an arbitration agreement....'" (citations omitted)).  Because the Individual Plaintiffs have not agreed to arbitrate any dispute with Defendants, their reliance on

this public policy is misplaced. The Individual Plaintiffs maintain that requiring them to participate in the Arbitration would not promote any public interest. To the contrary, denying the requested relief would undermine the public interest in requiring arbitration only in cases where the parties have agreed to arbitrate.

## III.   CONCLUSION

For the reasons above and as more fully stated in the Motion, the Individual Plaintiffs request that the Court grant this Motion and enter a preliminary injunction enjoining Defendants from prosecuting the Arbitration or any other arbitration against the Individual Plaintiffs on the basis of the arbitration provision contained within the Shareholder Agreement.

Dated:  May 27, 2026.

SQUIRE PATTON BOGGS (US) LLP

By: /s/ *Marisol C. Mork*
 Marisol C. Mork
 Hannah J. Makinde

*Attorneys for Plaintiffs Brent Roland and Glenn Roland*

MOYES SELLERS & HENDRICKS LTD.

By: /s/ *Cody J. Jess*

Cody J. Jess (*pro hac vice*)
Natalya Ter-Grigoryan (*pro hac vice*)
cjess@law-msh.com
ntg@law-msh.com
1850 N. Central Ave., #1100
Phoenix, Arizona 85004
Telephone:  +1 602 604 2141

*Attorneys for Plaintiffs Mobile Force Investments, LLC and Bradley E. Davis*

REPLY IN SUPPORT OF INDIVIDUAL PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION TO ENJOIN ARBITRATION

## L.R. 11-6.2. CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiffs, certifies that this brief contains 3,556 words, which complies with the word limit of L.R. 11-6.1.

Dated:  May 27, 2026.

SQUIRE PATTON BOGGS (US) LLP

By: /s/ *Marisol C. Mork*
    Marisol C. Mork
    Hannah J. Makinde

*Attorneys for Plaintiffs Brent Roland and Glenn Roland*

MOYES SELLERS & HENDRICKS LTD.

By: /s/ *Cody J. Jess*

Cody J. Jess (*pro hac vice*)
Natalya Ter-Grigoryan (*pro hac vice*)
cjess@law-msh.com
ntg@law-msh.com
docket@law-msh.com
1850 N. Central Ave., #1100
Phoenix, Arizona 85004
Telephone:  +1 602 604 2141

*Attorneys for Plaintiffs Mobile Force Investments, LLC and Bradley E. Davis*